THOMPSON HINE

ATLANTA   CINCINNATI   COLUMBUS   LOS ANGELES   WASHINGTON, D.C.
CHICAGO   CLEVELAND   DAYTON   NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/2024
```

July 27, 2024

*Via ECF*

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse 500
Pearl Street, Room 2260
New York, NY 10007
(212) 805-0296

**MEMORANDUM ENDORSED**

RE:     *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

    Defendants Vape More Inc. ("Vape More") and Vape Plus Distribution Corp., ("Vape Plus") (collectively, the "Defendants") in the above-captioned action, pursuant to Your Honor's Individual Practice Rule 2.E and the Order at ECF No. 37, respectfully request a pre-motion conference regarding Defendants' filing of its Rule 12(b)(6) Motion to Dismiss (the "Motion"). The City of New York filed this First Amended Complaint ("FAC") against Defendants and others, accusing them of violating City and state statutes by distributing flavored electronic cigarettes to consumers in New York City.

 I.     <u>The City Fails to Plead a Plausible Claim for Violations of the PACT Act.</u>

    The City alleges that Vape More and Vape Plus violated the PACT Act by failing to comply with (1) the PACT Act's reporting requirements under 15 U.S.C. § 376, and (2) the PACT Act's "delivery sales" requirements under 15 U.S.C. § 376a. First, the City lacks standing to assert a PACT Act claim relating to electronic cigarettes because the City has not adopted an excise tax on electronic cigarettes. The PACT Act authorizes local governments that levy an excise tax on cigarettes to bring district court actions for alleged PACT Act violations relating to those cigarettes. *See* 15 U.S.C. § 378(c)(1)(A). Although the City levies an excise tax on traditional cigarettes and some other traditional tobacco products, the City does not levy an excise tax on electronic cigarettes. Therefore, the City does not have standing under 15 U.S.C. § 378(c)(1)(A) to assert a PACT Act claim. Second, the PACT Act imposes certain reporting requirements on persons shipping cigarettes (including electronic cigarettes[1]) "in interstate commerce, whereby such cigarettes are shipped into a State [or] locality" that taxes those cigarettes. *See* 15 U.S.C. § 376(a). Here, Vape More, located in Latham, New York, is alleged to have shipped electronic cigarettes to a customer, Urban Smoke located in New York City. The City alleges no facts that could support that Vape More shipped product in interstate commerce, when both parties are located within the State of New York. As to Vape Plus, the City alleges that Vape Plus purchased e-cigarettes from various distributors located outside of New York State. But 15 U.S.C. § 376(a)(3) requires reporting of shipments "in interstate commerce" that are "into such state" to certain local authorities. The City has not alleged any facts that would support a finding that Vape Plus "shipped" electronic cigarettes from a location outside the State of New York into

---

[1] The definition of "cigarette" in the PACT Act encompasses electronic cigarettes, which are also known as "electronic nicotine delivery systems." See 15 U.S.C. § 375(2)(a)(ii)(II) and (7)

Ryan.Callinan@ThompsonHine.com   Fax: 202.331.8330   Phone: 202.263.4152

THOMPSON HINE LLP
ATTORNEYS AT LAW
1919 M Street, N.W., Suite 700
Washington, D.C. 20036-3537
www.ThompsonHine.com
O: 202.331.8800
F: 202.331.8330

THOMPSON HINE

the State of New York, let alone New York City. The City has not alleged facts that would support a finding that Vape Plus violated the PACT Act's reporting requirements. Third, the PACT Act also places various requirements on persons making "delivery sales" of cigarettes (including electronic cigarettes). *See* 15 U.S.C. § 376a(a). A "delivery sale" is a nonface-to-face sale of cigarettes to a "consumer." 15 U.S.C. § 375(5). But the City has not alleged facts showing that Vape More or Vape Plus made sales to "consumers." Under the PACT Act, the term "consumer" "does not include any person *lawfully operating* as a manufacturer, distributor, wholesaler, or retailer of cigarettes." 15 U.S.C. § 375(4) (emphasis added). The PACT Act does not define the term "lawfully operating." The Court should interpret the term "lawfully operating" as meaning operating with any necessary state or local registration or license. *See* N.Y. Tax Law § 1183(a). Therefore, the Court should dismiss the City's PACT Act claim because the City has not alleged facts demonstrating that Defendants sold electronic cigarettes to a retailer that lacked the required New York vapor product dealer registration certificate.

Moreover, the City has not identified any specific sales by Vape More or Vape Plus that failed to meet the PACT Act's "delivery sales" requirements. All allegations in the FAC are conclusory. Therefore, the City fails to plead a plausible claim for violations of the PACT Act.

II.     The City Fails to Plead a Plausible Claim for Violations of N.Y. Public Health § 1399-*ll*.

First, similar to its allegations under the PACT Act, the City lacks standing to assert a cause of action under Section 1399-*ll* because New York City does not impose a tax on vapor products, which is expressly required by the statute to bring a claim. *See* Section 1399-*ll*. New York City only taxes cigarettes and does not impose any excise tax on vapor products. *See* N.Y.C. Admin. Code 11-1302. Public Health Law § 1399-*ll* distinguishes between cigarettes and vapor products, defining them separately and including statutory provisions specific to each type of product. Therefore, the City lacks standing to enforce thee vapor product-specific provisions of Public Health Law § 1399-*ll*. Second, the State's Department of Public Health, the agency charged with enforcing the Public Health Law, has stated that Section 1399-*ll* does not prohibit the type of distributor-to-distributor shipments of electronic cigarettes upon which the City bases its claim against Vape More. Rather, pursuant to the Department's own Guidance, "[a]ll shipments between . . . wholesalers[] and distributors within New York" will "continue to be permitted" because "[s]uch entities are not required to register as vapor product dealers to send or receive shipments of vapor products."[2]

Finally, the FAC contains no allegation of any particular instance of either Defendant actually shipping any vapor products to persons in New York City that are not holders of a dealer's registration certificate. The FAC is full of wholly conclusory allegations. Therefore, the City fails to plead a plausible claim for violations of N.Y. Public Health § 1399-*ll*.

III.    The City Fails to Plead a Plausible Claim for Violations of NYC Admin. Code § 17-715(b)(1).

---

[2] New York State Department of Public Health, *Guidance for Vapor Product Manufacturers, Wholesalers, Distributors, and Retailers Regarding New Shipping Restrictions*, July 1, 2020, at https://www.health.ny.gov/prevention/tobacco_control/docs/vape_product_shipping_ban_guidance.pdf.

2



The City's third claim for relief similarly fails to state a plausible claim under N.Y.C. Admin. Code § 17-715(b)(1) for at least two independent reasons. First, there is no statutory basis for a civil claim in this Court (or in New York Supreme Court, from which this case was removed) by corporate counsel under Section 17-715. Enforcement for violations of Section 17-715 is addressed by N.Y.C. Admin. Code § 17-717, which provides for enforcement of Subchapter 2 of Chapter 7 of the City's Administrative Code by City departments through "administrative trials and hearings." Therefore, the City's administrative hearing process, rather than this civil action, is the proper forum for the City to seek relief for alleged violations of Section 17-715. Second, the City's own regulation, 24 R.C.N.Y. 28-02(b), specifically suggests that sales of flavored vapor products to distributors in the City—like the sale the City accuses Vape More of making—do not violate Section 17-715(b)(1) because such distributors are entitled to possess flavored vapor products for sales to entities located outside the City. Again, the City fails to go beyond bare conclusory allegations and fails to point to any specific circumstances surrounding potential sales of flavored e-cigarettes and flavored e-liquids in New York City. Therefore, the City fails to plead a plausible claim for violations of New York City Administrative Code § 17-715(b)(1).

IV. The City Fails to Plead a Plausible Public Nuisance Claim

To succeed on a public nuisance claim, the City must show that Vape More and Vape Plus's conduct "'amounts to a substantial interference with the exercise of a common right of the public,' thereby endangering or injuring the property, health, safety or comfort of a considerable number of persons." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 725 F.3d 65, 121 (2d Cir. 2013) (*quoting 532 Madison Ave. Gourmet Foods v. Finlandia Ctr.*, 750 N.E.2d 1097, 1104 (N.Y. 2001)). The City must allege that the conduct or omissions of Vape More and Vape Plus created, contributed to, or maintained a public nuisance. *See Hicksville Water Dist. v. Philips Elec. North Am. Corp.*, No. 17-CF-4442 (ADS) (ARL), 2018 U.S. Dist. LEXIS 53342, at *19 (E.D.N.Y. Mar. 29, 2018).

The City does not, and cannot truthfully, allege any factual allegations relating to Vape More and Vape Plus's supposed retail sales of flavored electronic cigarettes or flavored e-liquids to individuals, and even less so to underage individuals as required by § 1399-mm-1. *See* FAC, ¶¶ 47, 179, 199. Significantly, the City acknowledges that Defendants are not retailers and instead are wholesalers and distributors, which inherently means they are not engaged in any retail sales. FAC, ¶¶ 148, 156-57. Therefore, the City fails to plead a plausible Public Nuisance Claim.

For these reasons, Defendants respectfully request that the Court schedule a pre-motion conference to discuss Defendants' motion to dismiss Plaintiff's FAC in its entirety.

Respectfully submitted,

/s/ Ryan D. Callinan

Ryan D. Callinan

cc: (*via ECF*)

Application granted. Defendants' request for a pre-motion conference is granted. Dkt. No. 38. The Court will hold a teleconference regarding defendants' proposed motion to dismiss on August 6, 2024 at 3:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, available on the Court's website. Rule 2 contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C).

SO ORDERED.

Dated: July 29, 2024
New York, New York

GREGORY H. WOODS
United States District Judge