

THE CITY OF NEW YORK
LAW DEPARTMENT

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2032
eproshan@law.nyc.gov

July 31, 2024

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re: *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

  This office represents plaintiff the City of New York (the "City") in this action brought to curb violations of federal, state and City laws regulating electronic nicotine delivery devices ("ENDS" or "e-cigarettes") and to abate the public health injuries the devices create.

  I write to address Defendants Vape More Inc. and Vape Plus Distribution Corp.'s (collectively, "Defendants") (*Dkt. No*. 38) request to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Because most of the arguments they offer have been resolved in a parallel action in this court, judicial economy suggests that the Court may wish to limit the grounds on which Defendants may move.

  Defendants' recitation of the legal issues suffers a significant lack of candor. Four out of five legal issues Defendants now raise were decided by Judge Stanton of this court a few months ago, under essentially identical facts, in *City of N.Y. v. Magellan Tech., Inc.*, No. 23-cv-5880(LLS), 2024 U.S. Dist. LEXIS 93339 (S.D.N.Y. May 24, 2024) ("*Magellan*"). The *Magellan* action was brought by the City against three New York State-based distributors of flavored e-cigarettes who conduct business in largely the same manner as the present Defendants. Like the present action, the *Magellan* action alleged violations of the PACT Act, 15 U.S.C. § 375 *et seq*., N.Y. Pub. Health Law § 1399-*ll*, and public nuisance.[1] The sole claim in the present action that was not advanced in *Magellan* is for violation of N.Y.C. Administrative Code § 17-715, which prohibits the sale, offer, or possession with intent to sell of flavored e-cigarettes.

  Defendants, through the same counsel that represented the *Magellan* defendants, indicate that

---

[1] A RICO claim, 18 U.S.C. § 1961 *et seq*. was dismissed with leave to replead, which the City declined to do.

they intend to repeat the arguments already rejected in *Magellan*. Defendants' first argument is that the "City lacks standing to assert a PACT Act claim relating to electronic cigarettes because the City has not adopted an excise tax on electronic cigarettes." *Dkt. No*. 38 at 1. In *Magellan*, the defendants "argue[d] that only localities that impose an excise tax on e-cigarettes have standing to enforce the PACT Act for violations relating to e-cigarettes, and the City imposes no such excise tax." 2024 U.S. Dist. LEXIS 93339, at *13. Judge Stanton ruled that the City does have standing under the PACT Act because it "imposes an excise tax on cigarettes and a sales tax on both cigarettes and e-cigarettes," either of which suffice for PACT Act standing. *Id*. at **14-16.

Defendants' second argument regarding the PACT Act is that:

> The PACT Act imposes certain reporting requirements on persons shipping cigarettes "in interstate commerce." The City alleges no facts that could support that Vape More or Vape Plus shipped product in interstate commerce, when both parties are located within the State of New York.

*Dkt. No*. 38 at 1. Likewise, in *Magellan*, the defendants "argue[d] that they are not subject to the PACT Act's various requirements because the Amended Complaint fails to allege that defendants ship [e-cigarettes] in interstate commerce." 2024 U.S. Dist. LEXIS 93339, at *16. Judge Stanton rejected this argument because the complaint alleged that "the [e-cigarettes] were originally manufactured in China, a place outside of New York state, shipped by both the Hyde and Empire defendants into New York state, and then distributed by both the Hyde and Empire defendants into New York City for sale at a profit." *Id.* at *18-19.

Defendants' third argument regarding the PACT Act is that:

> The PACT Act also places various requirements on persons making… a nonface-to-face sale of cigarettes to a "consumer." 15 U.S.C. § 375(5). Under the PACT Act, the term "consumer" "does not include any person *lawfully operating* as a manufacturer, distributor, wholesaler, or retailer of cigarettes." 15 U.S.C. § 375(4) (emphasis added). The PACT Act does not define the term "lawfully operating." The Court should interpret the term "lawfully operating" as meaning operating with any necessary state or local registration or license.

*Dkt. No*. 38 at 1. Likewise in *Magellan*, defendants "urge[d] this Court to define [lawfully operating] as 'operating with any necessary state or local registration or license.'" 2024 U.S. Dist. LEXIS 93339, at *21. Judge Stanton ruled that "the term 'lawfully operating' means compliance with laws under the plain meaning of the statute" because the "plain meaning of 'lawful' is not limited to 'licensed.'" The defendants' sales were hence to "consumers" and subject to the PACT Act's restrictions on consumer "delivery sales." 2024 U.S. Dist. LEXIS 93339 at **20-24.

As to the City's claims under the N.Y. Public Health Law, Defendants now assert:

> Similar to its allegations under the PACT Act, the City lacks standing to assert a cause of action under Section 1399-*ll* because New York City does not impose a tax on vapor products, which is expressly required by the statute to bring a claim.

*Dkt. No*. 38 at 1. Likewise in *Magellan*, defendants argued that "the City does not have standing to

2

enforce the vapor-product-specific provisions of the Public Health Law… because it taxes only cigarettes and does not impose an excise tax on vapor products." 2024 U.S. Dist. LEXIS 93339, at *30. Judge Stanton ruled that "[u]nder a plain reading of the statute, the City has standing to enforce the Public Health Law if the City taxes cigarettes or vapor products. Therefore, the City, which taxes cigarettes, has standing." *Id*. at **30-32.

Defendants also repeat the *Magellan* defendants' argument against the City's public nuisance claim. *Compare Dkt. No*. 38 at 1 ("The City does not, and cannot truthfully, allege any factual allegations relating to Vape More and Vape Plus's supposed *retail* sales of flavored electronic cigarettes or flavored e-liquids to individuals") *with Magellan,* 2024 U.S. Dist. LEXIS 93339, at *33 ("The Hyde defendants argue that because the City fails to allege the Hyde defendants engage in the *retail* sale of flavored vapor products, the public nuisance claim fails") (emphases added). Judge Stanton upheld the City's public nuisance claim because "[t]he Amended Complaint alleges repeatedly that the defendants supplied [e-cigarettes] to retail stores that sold them to the public, creating a public health crisis" and "[p]ublic health crises are routinely upheld as a 'substantial interference with a public right' and 'injurious to the health of a considerable number of people.'" *Id.* at *35 (citing *In re Opioid Litigation*, 2018 N.Y. Misc. LEXIS 2428 (N.Y. Sup. Ct. June 18, 2018)).

In short, virtually all of Defendants' proposed arguments supporting dismissal were addressed and rejected in *Magellan*. Worth noting is that the *Magellan* Defendants have moved for reconsideration on several of the arguments, so that those issues will again be addressed in that action, potentially providing a third bite of the apple here.

The sole cause of action not addressed in *Magellan* is the City's claim here under N.Y.C. Admin. Code § 17-715, which prohibits the sale and possession of flavored e-cigarettes. Defendants' argument that the City has "no statutory basis for a civil claim in this court by corporate counsel under Section 17-715," *Dkt. No*. 38 at 3, is more than ordinarily defective, *inter alia*, where N.Y. Gen. City L. § 20 (22) provides that "every city is empowered to regulate by ordinance or local law any matter within the powers of the city, and to … to maintain an action or special proceeding in a court of competent jurisdiction to compel compliance with or restrain by injunction the violation of any such ordinance or local law." Defendants also allude to a now-repealed, always-preempted City rule that purported to permit out-of-city sales of flavored e-cigarettes by in-City dealers, 24 R.C.N.Y. 28-02(b). As an out-of-City entity, the rule would not have applied to Vape More in any case, and as to Vape Plus, 24 R.C.N.Y. 28-02(b) the rule at best confirmed that its in-City sales were prohibited by Ad. Code § 17-715.

In sum, Defendants' pre-motion letter indicates their intent to repeat exactly the arguments already rejected in *Magellan*. If Defendants are granted leave to file a motion to dismiss, it should be limited to addressing the City's cause of action under N.Y.C. Admin. Code § 17-715.

Thank you for your attention to these matters.

                                                    Respectfully submitted,

                                                    Eric Proshansky
                                                    Assistant Corporation Counsel