

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **Eric Proshansky**<br>Assistant Corporation Counsel<br>212.356.2032<br>eproshan@law.nyc.gov |

August 2, 2024

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re: *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

This office represents plaintiff the City of New York (the "City") in this action brought to curb violations of federal, state and City laws regulating electronic nicotine delivery devices ("ENDS" or "e-cigarettes") and to abate the public health injuries the devices create.

I write in response to the pre-motion letter filed by Defendants EnviroMD Group LLC, KLCC Wholesale Inc., RZ Smoke Inc., Urban Smoke Distributors, and GT Imports (collectively, the "EnviroMD Defendants") concerning their anticipated motion to dismiss.

The EnviroMD Defendants' pre-motion letter suggests that they intend to make the same arguments as Vape More Inc. and Vape Plus Distribution Corp. (together the "Vape More Defendants") (*see* Dkt. No. 38), the vast majority of which were considered and rejected in *City of N.Y. v. Magellan Tech., Inc.*, No. 23-cv-5880(LLS), 2024 U.S. Dist. LEXIS 93339 (S.D.N.Y. May 24, 2024).

Specifically, the EnviroMD Defendants have stated their intention to make the following arguments:

1) "The City of New York ('Plaintiff') does not have standing to enforce the PACT Act."
2) "Defendants are not obligated to file PACT Reports with Plaintiff."
3) The complaint "fails to state a claim stemming from 'interstate commerce' and/or 'sales to consumers' as defined by the PACT Act."
4) "New York Public Health Law § 1399-ll does not restrict sales to distributors."

5) "The restrictions imposed by New York City Administrative Code § 17-715 are applicable only to businesses engaged in retail sale of electronic cigarettes."
6) "Plaintiff's public nuisance claim is both time-barred and duplicative of its other claims."
7) "Plaintiff's FAC fails to plead facts sufficient to state a claim as to each of the Defendants, since it includes generalized assertions of sales to intra-state businesses rather than particularized examples of any alleged violative conduct."

Dkt. No. 43. Of these seven arguments, *Magellan* considered and rejected at least five. For further elaboration of the City's responses to these arguments, we respectfully refer the Court to our letter dated July 31, 2024 (Dkt. No. 44) as well as to the Court's ruling in *Magellan*.[1] The City respectfully requests, as we did with respect to the motion proposed by Vape More and Vape Plus (*Dkt. No.* 38), that the EnviroMD Defendants' motion be limited to issues that have not been resolved previously.

We thank the Court for its attention to this matter.

Respectfully submitted,

Eric Proshansky
Assistant Corporation Counsel

---

[1] *Magellan* did not address the fifth argument because the complaint in that action did not assert any claims under N.Y.C. Admin. Code § 17-715. *Magellan* addressed the sixth argument, in part—while upholding the City's public nuisance claim, the court considered and rejected defendants' argument that the claim was duplicative. *See* 2024 U.S. Dist. LEXIS 93339, at *33 ("The Empire defendants make a related argument, stating that because the City does not have standing to bring a claim under New York Public Health Law, 1399-mm, the City is reframing its claim for the same underlying conduct as a public nuisance"). However, it did not explicitly address any arguments that the public nuisance claim was "time-barred."

In any case, the EnviroMD Defendants' "time-barred" argument seems simply to be that the complaint, when describing a course of conduct by defendants over the past few years and continuing into the present day, also includes allegations about some actions by some defendants before April 2021. *See* Dkt. No. 30-1 at 13–14 (describing the "claims…against RZ Smoke" as "predicated on facts from before April 4, 2021"); *compare with Am. Compl.* ¶¶ 120 ("Between approximately December 2020 until August 2023, RZ Smoke sold flavored e-cigarettes…"). Such an argument might be more appropriate in a motion to strike instead of a motion to dismiss.