

September 11, 2024

*Via ECF*

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse 500
Pearl Street, Room 2260
New York, NY 10007

RE:   *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

Defendants Vape More Inc. ("Vape More") and Vape Plus Distribution Corp., ("Vape Plus") (collectively, the "Defendants") in the above-captioned action, pursuant to Your Honor's Individual Practice Rule 2.E and the Order at ECF No. 55, respectfully request a pre-motion conference regarding Defendants' filing of their Rule 12(b)(6) Motion to Dismiss (the "Motion"). The City of New York filed this Second Amended Complaint ("SAC") against Defendants and others, accusing them of violating City and state statutes by distributing flavored electronic cigarettes to consumers in New York City.

I.   The City Fails to Plead a Plausible Claim for Violations of the PACT Act.

The City alleges that Vape More and Vape Plus violated the PACT Act by failing to comply with the PACT Act's "delivery sales" requirements under 15 U.S.C. § 376a. First, the City lacks standing to assert a PACT Act claim relating to electronic cigarettes because the City has not adopted an excise tax on electronic cigarettes. The PACT Act authorizes local governments that levy an excise tax on cigarettes to bring district court actions for alleged PACT Act violations relating to those cigarettes. *See* 15 U.S.C. § 378(c)(1)(A). Although the City levies an excise tax on traditional cigarettes and some other traditional tobacco products, the City does not levy an excise tax on electronic cigarettes. Therefore, the City does not have standing under 15 U.S.C. § 378(c)(1)(A) to assert a PACT Act claim. Second, the PACT Act also places various requirements on persons making "delivery sales" of cigarettes (including electronic cigarettes). *See* 15 U.S.C. § 376a(a). A "delivery sale" is a nonface-to-face sale of cigarettes to a "consumer." 15 U.S.C. § 375(5). But the City has not alleged facts showing that Vape More or Vape Plus made sales to "consumers." Under the PACT Act, the term "consumer" "does not include any person *lawfully operating* as a manufacturer, distributor, wholesaler, or retailer of cigarettes." 15 U.S.C. § 375(4) (emphasis added). The PACT Act does not define the term "lawfully operating." The Court should interpret the term "lawfully operating" as meaning operating with any necessary state or local registration or license. *See* N.Y. Tax Law § 1183(a). The Court should not use the City's proposed interpretation, which would lead to absurd results because it would transform otherwise lawful sales into delivery sales based on the actions of downstream, unrelated entities. The City's proposed interpretation is that "lawfully operating" excludes a duly registered/licensed distributor or retailer if that business fails to comply with *any* federal, state, or local law applicable to electronic cigarettes. Taking the City's interpretation to its logical conclusion would result in anyone and everyone in the chain of commerce for a flavored e-cigarette that, at

Eric.Heyer@ThompsonHine.com   Fax: 202.331.8330   Phone: 202.263.4128

THOMPSON HINE LLP
ATTORNEYS AT LAW
1919 M Street, N.W., Suite 700
Washington, D.C. 20036-3537
www.ThompsonHine.com
O:  202.331.8800
F:  202.331.8330

THOMPSON HINE

some point in the chain of distribution, was sold into New York City to be found to violate the PACT Act, regardless of how attenuated their connection was to the final sale because every sale in the chain became an after-the-fact "delivery sale." Therefore, the Court should dismiss the City's PACT Act claim because the City has not alleged facts demonstrating that Defendants sold electronic cigarettes to a retailer that lacked the required New York vapor product dealer registration certificate.

Moreover, the City has not identified any specific sales by Vape More or Vape Plus that failed to meet the PACT Act's "delivery sales" requirements. All allegations in the SAC are conclusory. Therefore, the City fails to plead a plausible claim for violations of the PACT Act.

II.     The City Fails to Plead a Plausible Claim for Violations of N.Y. Public Health § 1399-*ll*.

First, similar to its allegations under the PACT Act, the City lacks standing to assert a cause of action under Section 1399-*ll* because New York City does not impose a tax on vapor products, which is expressly required by the statute to bring a claim. *See* Section 1399-*ll*. New York City only taxes cigarettes and does not impose any excise tax on vapor products. *See* N.Y.C. Admin. Code 11-1302. Public Health Law § 1399-*ll* distinguishes between cigarettes and vapor products, defining them separately and including statutory provisions specific to each type of product. Therefore, the City lacks standing to enforce the vapor product-specific provisions of Public Health Law § 1399-*ll*. Second, the State's Department of Public Health, the agency charged with enforcing the Public Health Law, has stated that Section 1399-*ll* does not prohibit the type of distributor-to-distributor shipments of electronic cigarettes upon which the City bases its claim against Vape More. Rather, pursuant to the Department's own Guidance, "[a]ll shipments between . . . wholesalers[] and distributors within New York" will "continue to be permitted" because "[s]uch entities are not required to register as vapor product dealers to send or receive shipments of vapor products."[1]

Finally, the SAC contains no allegation of any particular instance that Vape Plus actually shipped any vapor products to persons in New York City that are not holders of a dealer's registration certificate. The SAC is full of wholly conclusory allegations. Therefore, the City fails to plead a plausible claim for violations of N.Y. Public Health § 1399-*ll*.

III.    The City Fails to Plead a Plausible Claim for Violations of NYC Admin. Code § 17-715(b)(1).

The City's third claim for relief similarly fails to state a plausible claim under N.Y.C. Admin. Code § 17-715(b)(1) for at least two independent reasons. First, there is no statutory basis for a civil claim in this Court (or in New York Supreme Court, from which this case was removed) by corporate counsel under Section 17-715. Enforcement for violations of Section 17-715 is addressed by N.Y.C. Admin. Code § 17-717, which provides for enforcement of Subchapter 2 of Chapter 7 of the City's Administrative Code by City departments through "administrative trials and hearings." Therefore, the City's administrative hearing process, rather than this civil action, is the proper forum for the City to seek relief for alleged violations of Section 17-715. Second, the City's own regulation in effect at the time of the alleged violations, 24

---

[1] New York State Department of Public Health, *Guidance for Vapor Product Manufacturers, Wholesalers, Distributors, and Retailers Regarding New Shipping Restrictions*, July 1, 2020, at https://www.health.ny.gov/prevention/tobacco_control/docs/vape_product_shipping_ban_guidance.pdf.



R.C.N.Y. 28-02(b), specifically suggested that sales of flavored vapor products to distributors in the City—like the sale the City accuses Vape More of making—did not violate Section 17-715(b)(1) because such distributors were entitled to possess flavored vapor products for sales to entities located outside the City.[2] Again, the City fails to go beyond bare conclusory allegations and fails to point to any specific circumstances surrounding potential sales of flavored e-cigarettes and flavored e-liquids in New York City. Therefore, the City fails to plead a plausible claim for violations of New York City Administrative Code § 17-715(b)(1).

IV.   The City Fails to Plead a Plausible Public Nuisance Claim

To succeed on a public nuisance claim, the City must show that Vape More and Vape Plus's conduct *"'amounts to a substantial interference with the exercise of a common right of the public,' thereby endangering or injuring the property, health, safety or comfort of a considerable number of persons."* In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 725 F.3d 65, 121 (2d Cir. 2013) (*quoting 532 Madison Ave. Gourmet Foods v. Finlandia Ctr.*, 750 N.E.2d 1097, 1104 (N.Y. 2001)). The City must allege that the conduct or omissions of Vape More and Vape Plus created, contributed to, or maintained a public nuisance. *See Hicksville Water Dist. v. Philips Elec. North Am. Corp.*, No. 17-CF-4442 (ADS) (ARL), 2018 U.S. Dist. LEXIS 53342, at *19 (E.D.N.Y. Mar. 29, 2018).

The City does not, and cannot, allege any factual allegations relating to Vape More and Vape Plus's supposed retail sales of flavored electronic cigarettes or flavored e-liquids to individuals, and even less so to underage individuals as required by § 1399-mm-1. *See* SAC, ¶ 172. There is no reference to any alleged violation of any other statute, nor is there even any reference to Defendants creating or contributing to a public nuisance by engaging in retail sales. Therefore, the City fails to plead a plausible public nuisance claim.

For these reasons, Defendants respectfully request that the Court schedule a pre-motion conference to discuss Defendants' motion to dismiss Plaintiff's SAC in its entirety.

Respectfully submitted,

*/s/ Eric N. Heyer*

Eric N. Heyer

cc:  *All counsel of record (via ECF)*

---

[2] While the City has amended the regulation as of July 31, 2024, to further restrict this exception, at the times relevant to the SAC, the regulation allowed for possession by distributors for purposes of sale to entities outside the City.