**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

---

THE CITY OF NEW YORK,

               Plaintiff,

  against

ENVIROMD GROUP LLC; GT IMPORTS; KAYLA WHOLESALE, INC., d/b/a The Vapery; KLCC WHOLESALE INC.; PIONEER DISTRIBUTION, INC. a/k/a WEVAPEUSA.COM a/k/a SELLER SUPREME LLC; RZ SMOKE INC.; STAR ZONE INC.; URBAN SMOKE DISTRIBUTORS; VAPE MORE INC. a/k/a MORE LLC; VAPE PLUS DISTRIBUTION CORP. a/k/a G&A DISTRIBUTION; DAVID ALFIH a/k/a David Alfieh, a/k/a DJ Alfani, and MARCUS BERNARD,

               Defendants.

CIVIL ACTION NO.:

24-cv-05161-GHW-JW

---

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING**

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Stipulation and Proposed Protective Order and Discussion Topics for Rule 26(f) Conference on Judge Willis's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Willis's Individual Rules, the parties met on September 6, 2024** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2.      **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:

Plaintiff the City of New York alleges that each of the now-remaining defendants (EnviroMD Group LLC, GT Imports, Kayla Wholesale, Inc., KLCC Wholesale, Inc., Pioneer Distribution Inc., David Alfih, Marcus Bernard, RZ Smoke Inc., Star Zone Inc., Urban Smoke Distributors, Vape More Inc., and Vape Plus Distribution Corp.) each violated the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375 *et seq.*, New York Pub. Hlth. L. 1399-*ll*(1-a), and N.Y.C. Admin. Code § 17-715, and caused, contributed to, or created a common law public nuisance in the City of New York through their sales and deliveries of flavored e-cigarettes, as those terms are defined by the relevant statutes, in or into the City.

Defendants:

Defendants Pioneer Distribution Inc., David Alfih, and Marcus Bernard have not yet appeared.

Defendants EnviroMD Group LLC, KLCC Wholesale Inc., RZ Smoke Inc., Urban Smoke Distributors, GT Imports, Vape More Inc., Vape Plus Distribution Corp., Star Zone Inc., and Kayla Wholesale Inc. deny that they have caused, contributed to, or created a common law nuisance in the City of New York.

Defendants EnviroMD Group LLC, KLCC Wholesale Inc., RZ Smoke Inc., Urban Smoke Distributors, GT Imports, Vape More Inc., Vape Plus Distribution Corp., and Kayla Wholesale Inc. anticipate filing a motion to dismiss Plaintiff's claims under the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375 *et seq.*, (the "PACT Act"), New York Public Health Law § 1399-*ll*, and New York City Administrative Code § 7-715 on the grounds that these statutes do not restrict sales between businesses at the distributor level. Additionally, Defendants' motion to dismiss will address Plaintiff's lack of standing to bring claims under the PACT Act as well as the deficiencies in Plaintiff's claim for public nuisance.

All Defendants who have appeared agree to the jointly proposed dates set forth herein. Defendants (other than Star Zone Inc.) have not yet responded to the operative complaint, and this statement is not intended to waive or limit any defenses that may be raised in a Defendant's answer or in a motion to dismiss. For the avoidance of doubt, Defendants reserve all rights.

3. **Basis of Subject Matter Jurisdiction**: Because the first cause of action (*see* 2d. Am. Compl. ¶¶ 182–88) is brought under the Prevent All Cigarettes Trafficking ("PACT") Act, 15 U.S.C. § 375 *et seq.*, the Court has federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. **Subjects on Which Discovery May Be Needed**

Plaintiff(s):

Potentially discoverable subjects include transaction records and related communications, documents and communications concerning sales taxes, documents and communications concerning the labeling and packaging of shipments of vapor products, communications with manufacturers and suppliers, communications with law enforcement and regulatory agencies, and communications with trade associations.

Defendants:

Potentially discoverable subjects include documents and communications related to laches, estoppel, waiver, and any other defenses raised in Defendants' forthcoming answer; Plaintiff's calculation of damages, enforcement efforts related to any asserted statute, "test" purchases of any ENDS products, subpoenas sent to defendants or third parties in this action, any discussion(s) between government agencies regarding this Litigation, transaction and shipment reports evidencing specific sales that would qualify as a "delivery sale," tax records, documents and communications with other federal and state governmental agencies and officials, documents and communications with manufacturers, distributors, and retailers of ENDs products, documents and communications to support the City's nuisance claim.

5. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was *disclosed by Plaintiff(s)* on **September 23, 2024**. In addition, on **October 30, 2024**, Plaintiff(s) produced/**will produce** an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was *disclosed by Defendant(s)* on **September 23, 2024**. In addition, on **October 30, 2024**, Defendant(s) produced/**will produce** an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

6. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by **June 27, 2025**.

*The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.*

    a.    <u>Depositions</u>: Depositions shall be completed by **June 27, 2025** and limited to no more than **3** depositions of each party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    b.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **January 28, 2025**. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

    c.    <u>Requests for Admission</u>: Requests for admission must be served on or before **March 31, 2025**.

    d.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on **December 4, 2024** and responses shall be due on **January 28, 2025**. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    e.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe. **To date, none.**

8.    **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? **No.**

    b.    Last date to amend the Complaint: **August 21, 2024**.

4

9. **Joinder of Parties**

    a.    Are there other necessary parties that need to be joined? Y/**N**

    b.    Is joinder of other parties anticipated? **No**

    c.    Last date to join other parties: **August 21, 2024**

10. **Expert Witness Disclosures**

At this time, the parties **do**/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by **August 26, 2025**.

11. **Electronic Discovery and Preservation of Documents and Information**

    a.    Have the parties discussed electronic discovery?

        Yes

    b.    Is there an electronic discovery protocol in place? If not, when do the parties expect to have one in place?

        No, the parties anticipate that an electronic discovery protocol will be in place before fact discovery opens.

    c.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

        No

12. **Anticipated Motions**

Other than Defendants' currently-pending motion to dismiss, the parties do not anticipate any additional motion practice at this time. Depending on the outcome of the Defendants' motions to dismiss, the parties may move for summary judgment at the appropriate time on any claims that are then pending.

Defendants Vape More and Vape Plus plan to file a motion to dismiss the Second Amended Complaint because the City has failed to plead a plausible claim that Defendants Vape More and Vape Plus violated the PACT Act, New York Public Health Law §1399-ll, New York City Administrative Code §17-715(b)(1) and that Defendants Vape More and Vape Plus have caused, contributed to, or created a common law nuisance in the City of New York.

13. **Early Settlement or Resolution**

The parties **have**/have not (circle one) discussed the possibility of settlement. The

5

parties request a settlement conference by no later than **May 28, 2025**.

The following information is needed before settlement can be discussed:

**Plaintiff**: Transactional and financial records from Defendants, enabling the City to calculate appropriate damages based on each Defendant's total sales involving ENDS products, the revenue or profits generated therefrom, each Defendant's financial capacity, and other relevant factors.

**Defendants:** A settlement demand, detailing what the City is seeking with respect to a financial payment and how the City developed such demand, as well as any non-monetary component of any such proposed settlement. Specific terms with respect to each Defendants' sales that the City alleges require repayment and other relevant factors.

14. **Trial**

    a. The parties anticipate that this case will be ready for trial by **January 8, 2026**.

    b. The parties anticipate that the trial of this case will require **5** days.

    c. The parties request a jury/**bench** (circle one) trial.

    d. The parties consent/**do not consent** (circle one) to Magistrate Judge jurisdiction at this time.

15. **Other Matters**

_____

_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c).  To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Willis's Individual Practices Webpage.**

Respectfully submitted this 23rd day of September, 2024.

| ATTORNEYS FOR PLAINTIFF(S):<br><br>**MURIEL GOODE-TRUFANT**<br>Acting Corporation Counsel of the<br>  City of New York<br>100 Church Street, Room 20-99<br>New York, NY 10007<br>(212) 356-2032<br><br>By: */s/ Aatif Iqbal*<br>Eric Proshansky<br>Elizabeth Slater<br>Alexandra Jung<br>Aatif Iqbal<br>Assistant Corporation Counsels<br><br>*Attorney for Plaintiff the City of New York* | ATTORNEYS FOR DEFENDANT(S):<br><br>By: */s/ Meredith Lloyd*<br>Erik Dykema, Esq.<br>Meredith Lloyd, Esq. (*pro hac vice*)<br>Bochner PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, NY 10018<br>(646) 971-0685<br>erik@bochner.law<br>meredith@bochner.law<br><br>*Attorneys for EnviroMD Group LLC, KLCC Wholesale Inc., RZ Smoke Inc., Urban Smoke Distributors, and GT Imports* |
| --- | --- |
| THE LINDEN LAW GROUP, P.C.<br><br>By: */s/ Jeffrey Benjamin*<br><br>Jeffrey Benjamin, Esq.<br>250 Park Avenue, 7th Floor<br>New York, New York 10177<br>(212) 655-9536<br><br>*Attorney for Kayla Wholesale, Inc.* | THOMPSON HINE LLP<br><br>By: */s/ Ryan D. Callinan*<br>Ryan D. Callinan<br>Krupa A. Patel<br>Eric N. Heyer (*admitted pro hac vice*)<br>Joseph A. Smith (*admitted pro hac vice*)<br>1919 M Street, N.W., Suite 700<br>Washington, DC 20036<br>Phone: 202.331.8800<br>Ryan.Callinan@ThompsonHine.com<br>Krupa.Patel@ThompsonHine.com<br>Eric.Heyer@ThompsonHine.com<br>Joe.Smith@ThompsonHine.com<br><br>*Attorneys for Vape More Inc. and Vape Plus Distribution Corp.* |
| MORITT HOCK & HAMROFF LLP<br><br>By: */s/ Alexander D. Widell*<br><br>Alexander D. Widell<br>400 Garden City Plaza, 2nd Floor<br>Garden City, NY 11530<br>Tel: 516.880.7233 awidell@moritthock.com<br><br>*Counsel for Defendant Star Zone, Inc.* | |