## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE CITY OF NEW YORK,      Case No. 1:24-cv-05161-GHW-JW

       Plaintiff,

  -against-

ENVIROMD GROUP LLC; *et al.*,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## Table of Contents

I.   INTRODUCTION ......................................................................................................... 1

II.  BACKGROUND .......................................................................................................... 1

III. STANDARD OF REVIEW ......................................................................................... 1

IV.  ARGUMENT ............................................................................................................... 3

    A.   PACT Act ............................................................................................................. 3

        1.   Count I Should Be Dismissed Because New York City Does Not Have Standing to Enforce Any Provision of the PACT Act ...................................................... 3

        2.   The PACT Act's Definition Of "Consumer" ............................................... 6

    B.   Public Health Law § 1399-*ll* Does Not Restrict Sales to Distributors ..................... 7

    C.   Limits of NY Admin. Code § 17-715 ....................................................................... 8

    D.   The Insufficiency of Plaintiff's Public Nuisance Claim ......................................... 11

        1.   Plaintiff's Claim for Public Nuisance is Duplicative ................................... 11

    E.   Failure To State Facts Sufficient To Articulate Statutory Claims ......................... 12

        1.   EnviroMD ..................................................................................................... 12

        2.   GT Imports .................................................................................................... 13

        3.   KLCC Wholesale Inc. .................................................................................. 13

        4.   RZ Smoke Inc. .............................................................................................. 14

        5.   Urban Smoke Distributors ............................................................................ 15

    F.   Plaintiff Fails to State a Claim for "Public Nuisance" ........................................... 15

V.   CONCLUSION ........................................................................................................... 17

## I.    **INTRODUCTION**

Defendants EnviroMD Group LLC ("EnviroMD"), KLCC Wholesale Inc. ("KLCC"), RZ Smoke Inc. ("RZ Smoke"), Urban Smoke Distributors ("Urban Smoke"), and GT Imports ("GT" and, collectively, the "Moving Defendants") bring this Motion to Dismiss Plaintiff The City of New York's ("Plaintiff" or "NYC") claims for violation of the Prevent All Cigarette Trafficking Act (the "PACT Act," 15 U.S.C. § 375 *et seq.*), violation of N.Y. PHL § 1399-*ll*, violation of N.Y.C. Admin. Code § 17-715(b)(1), and "public nuisance" as alleged in its Second Amended Complaint [ECF Doc. No. 61] ("SAC") pursuant to FED. R. CIV. P. 12(b)(6).

## II.    **BACKGROUND**

Plaintiff's SAC fails to state claims for violation of the PACT Act, violation of N.Y. PHL § 1399-*ll*, violation of N.Y.C. Admin. Code § 17-715(b)(1), and "public nuisance," against the Moving Defendants, and therefore those claims must be dismissed. Plaintiff claims that the Defendants violated "nearly every federal, New York State and New York City law regulating the marketing, distribution, and sale of flavored e-cigarettes." SAC ¶ 1. Plaintiff argues that the Moving Defendants' conduct entitles Plaintiff to, *inter alia,* collect civil penalties for violations of the PACT Act, N.Y. PHL § 1399-*ll*, and N.Y.C. Admin. Code § 17-715(b)(1) and to a declaration requiring the Moving Defendants to abate the "public nuisance" caused by their alleged conduct.

Plaintiff's claims must be dismissed because the SAC fails to articulate facts sufficient to state a claim and the SAC alleges causes of action that are without legal support.

## III.    **STANDARD OF REVIEW**

A claim for relief may be dismissed upon motion under FED. R. CIV. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." An adequate pleading under Rule 8(a) must at

a minimum contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). While the complaint may be short and plain, it must also state facts that at least "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A motion to dismiss under Rule 12(b)(6) should be granted if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, a court cannot conclude that plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

While plaintiffs are entitled to the benefit of factual inferences in their favor at the motion to dismiss stage, inferences that contradict their own allegations are unreasonable and so are improper. *See, e.g., DPWN Holdings (USA), Inc. v. United Airlines, Inc.*, 747 F.3d 145, 151-52 (2d Cir. 2014). ("Although factual allegations of a complaint are normally accepted as true on a motion to dismiss, that principle does not apply to general allegations that are contradicted by more specific allegations in the Complaint.")(citations and quotation marks omitted).

Plaintiff has failed to sufficiently plead its claims for violation of the PACT Act, violation of N.Y. PHL § 1399-*ll*, violation of N.Y.C. Admin. Code § 17-715(b)(1), and public nuisance against the Moving Defendants.

IV.     **ARGUMENT**

Plaintiff's SAC alleges that Defendants violated the PACT Act, violated N.Y. PHL § 1399-*ll*, violated N.Y.C. Admin. Code § 17-715(b)(1), and caused a "public nuisance." As discussed herein, Plaintiff's SAC must be dismissed in its entirety because the claims contained therein are unsupported by law and fact.

A.     **PACT Act**

1.     Count I Should Be Dismissed Because New York City Does Not Have Standing to Enforce Any Provision of the PACT Act

Congress specifically delegated enforcement authority over PACT Act violations to the Attorney General of the United States. 15 USC § 378(a). The PACT Act acknowledges this designation, authorizing "[a] State, through its attorney general, *or a local government* or Indian tribe *that levies a tax subject to section 376(a)(3) of this title*, through its chief law enforcement officer, may bring an action in a united states district court to prevent and restrain violations of this chapter by any person or to obtain any other appropriate relief from any person for violations of this chapter, including civil penalties, money damages, and injunctive or equitable relief" 15 USC § 378(c)(1)(A). New York City is not the United States Attorney General, a "State" or a "local government…that levies a tax subject to § 376(a)(3)." New York City does not impose any tax on ENDS products. Indeed, ENDS Taxes in New York are imposed at only the state level. While § 376(a)(3) does require delivery sellers to comply with "all State, local, tribal and other laws generally appliable to sales of [ENDS] as if the delivery sales occurred entirely with the specific State and place, including laws imposing (A) excise taxes; (B) licensing and tax-stamping requirements; (C) restrictions on sales to minors; and (D) other payment obligations or legal

requirements relating to the sale, distribution or delivery of [ENDS]" Congress only delegated enforcement authority to localities which impose an excise tax, which does not include Plaintiff.

Plaintiff has pled that its authority to bring this action comes from its imposing an excise tax on cigarettes. However, the allegations in the SAC relate to ENDS products (not cigarettes). While ENDS products are considered "cigarettes" under the provisions of the PACT Act ("Cigarettes" includes "an electronic nicotine delivery system" 15 USC § 375(2)(A), New York City's definition of cigarettes for tax purposes does not include ENDS products which are not subject to tax in New York City.[1] It is reasonable to conclude that Congress only delegated authority to local governments that impose a tax *which are the subject of the alleged violations (i.e., ENDS)*. The First Claim for Relief in the SAC asserts that "the City, *as a local government imposing a tax on cigarettes*, is empowered to bring an action in federal district court to prevent and restrain violations of the PACT Act and to obtain any other appropriate forms of relief including civil penalties…" *See Generally,* SAC. Since New York City does not impose an excise tax specifically on ENDS products, it does not have authority to bring an action for alleged violations of PACT Act.

In fact, the ATF has issued clear guidance indicating that registration and reporting requirements are not required when sales are made into a jurisdiction that does not impose an excise tax on ENDS products. *See* ATF PACT Act Frequently Asked Questions.

---

[1] NYC Admin Cod 11-1301. Cigarette. Any roll for smoking made wholly or in part of tobacco or any other substance, irrespective of size or shape and whether or not such tobacco or substance is flavored, adulterated or mixed with any other ingredient, the wrapper or cover of which is made of paper or any other substance or material but is not made in whole or in part of tobacco. "Cigarette" shall not include a research tobacco product.)

(https://www.atf.gov/alcohol-tobacco/qa/do-we-need-file-monthly-pact-act-report-states-do-not-apply-taxes-ends-products)

V.      Do we need to file a monthly PACT Act report in states that do not apply taxes to ENDS products?

**No. Monthly reports for electronic nicotine delivery systems (ENDS) only need to be filed in states, localities and Indian territories that tax the sale or use of ENDS, not with ATF.**

As such, New York City does not have standing to bring suit for any alleged violations of PACT Act on the premise that the Defendants were failing to comport with their reporting obligations.

New York State imposes a supplemental tax "of twenty percent on receipts from the retail sale of vapor products sold in this state."  N.Y. Tax Law § 1180. "The tax is imposed on the purchaser and collected by the vapor products dealer….in trust and on account of the state." Even if this Court were conclude that New York City has authority to enforce the provisions of the PACT Act due to its excise tax on cigarettes, it is reasonable to conclude that the authority delegated to New York City is limited to PACT violations that impact New York City.

To the extent that New York City is alleging that New York State excise taxes have not been paid (*See* ¶ 159 of SAC– Sales by each of the Defendants violate the PACT Act because "no defendant made certain the weight of e-cigarettes sold, delivered, or caused to be delivered in a single sale or delivery did not exceed ten pounds."), New York State excise taxes are not yet due as it is only triggered by sales at retail (in fact tax may never be due if the articles is ultimately not sold at retail in New York City or at all). Additionally, as set forth above, New York City does not have standing to enforce the tax obligations of another jurisdiction (New York State).

2.    The PACT Act's Definition Of "Consumer"

The PACT Act applies requirements to certain sales of tobacco products that are made to "consumers." *See* 15 U.S.C. § 375(4), (5); 15 U.S.C. § 376a. The term "consumer" traditionally refers to the end-user of a product, not the seller of a product. *See, e.g.,* Black's Law Dictionary 316 (6th ed. 1990) (defining "consumer" as those "who purchase, use, maintain, and dispose of products" and stating that "[c]onsumers are to be distinguished from manufacturers (who produce goods), and wholesalers or retailers (who sell goods)").

The PACT Act's definition of "consumer" includes persons who fall within the traditional definition of "consumer," see 15 U.S.C. § 375(4)(A) (stating that "consumer" means "any person that purchases cigarettes or smokeless tobacco"), but then excludes "any person *lawfully operating* as a manufacturer, distributor, wholesaler, or retailer of cigarettes or smokeless tobacco," 15 U.S.C. § 375(4)(B) (emphasis added). The PACT Act's requirements applicable to "delivery sales" under 15 U.S.C. § 376a are clearly aimed at retail sales to individuals. Thus, "delivery sales" are limited to packages that do not weigh more than 10 pounds, which precludes large, palletized freight shipments of the type normally transferred between distributors and wholesalers. 15 U.S.C. § 376a(b)(3). Similarly, persons engaged in delivery sales must obtain the full name, birth date, and residential address of the purchaser and verify the age and identity of the purchaser through a third-party commercially available database to ensure the purchaser is legally able to purchase ENDS products. *Id*. Ostensibly, businesses cannot provide their "full name," "birth date," or "residential address," much less be put through a third-party age and identity verification process. The plain text of the PACT Act supports a reading that "consumers" are individuals and that lawfully operating means holding any required licenses or permits. Accordingly, the PACT Act

6

does not limit sales from businesses to other businesses, and does not read on the Moving Defendants' alleged conduct.

For the foregoing reasons, Count I should be dismissed.

### B.    Public Health Law § 1399-*ll* Does Not Restrict Sales to Distributors

Count II should be dismissed because the conduct at issue in the SAC, which is described by Plaintiff as sales of vapor products by distributors to distributors, cannot violate Public Health Law § 1399-*ll* since vapor products distributors are not required to hold a Vape Certificate under New York law. As detailed in publications by the New York State Department of Taxation and Finance, the provisions of PHL § 1399-*ll* apply to retail sellers only. ("Any person who intends to sell vapor products **at retail** on or after December 1, 2019, must obtain a Vapor Products Dealer Certificate of Registration…"[2] (emphasis added). Indeed, in 2020, PHL 1399-*ll* was amended to "end[] the shipment of online orders of vapor products to individual consumers."[3]

New York State has issued clear guidance regarding shipments of vapor products.[4] Specifically, New York State guidance states specifically "the following shipments of vapor products intended or reasonably expected to be used with or for the consumption of nicotine will continue to be permitted:

> All shipments between manufacturers, wholesalers and distributors within New York. Such entities are not required to register as a vapor products dealer to send or receive shipments of vapor products unless otherwise required to register pursuant to Tax Law Article 28-C."

---

[2] https://www.tax.ny.gov/pdf/memos/sales/m19-3s.pdf
[3] https://www.health.ny.gov/prevention/tobacco_control/current_policies.htm
[4] https://health.ny.gov/prevention/tobacco_control/docs/vape_product_shipping_ban_guidance.pdf

Accordingly, PHL § 1399-*ll* restricts the shipment of vapor products *at the retail level*, not between wholesalers. In the Complaint, Plaintiff contends that the Moving Defendants violated PHL §1399-*ll* by shipping vapor products to businesses that were not holders of a vape certificate. SAC ¶¶   147, 193, 195. However, wholesale distributors are not "vapor products dealers" within the meaning of Article 28-C of the Tax Law of New York, and are therefore not required to maintain vapor products dealer certificates of registration. *See generally* Tax Law § 1183.

The New York legislature's intent to regulate retail sales is made clear by the language of § 1399-*ll* which restricts the sale of products that are "intended or reasonably expected **to be used** with or for the consumption of nicotine." Since it is not a reasonable expectation that a wholesale-level entity who purchases bulk product from another distributor or wholesale level entity would use the products purchased for the consumption of nicotine, distributors who sell to other distributors cannot be considered to violate this statute. Accordingly, Count I should be dismissed with prejudice. [5]

In setting forth the alleged violations of NY PHL § 1399-*ll*, Plaintiff pleads itself out of its claims. It articulates that the Moving Defendants made sales only to other distributors, and fails to allege that the Moving Defendants sold vapor products at retail in actual violation of the statute.

### C.      Limits of NY Admin. Code § 17-715

Similarly, Plaintiff has failed to articulate how the Moving Defendants are in violation of N.Y.C. Admin. Code § 17-715. There shall be a presumption that an electronic cigarette retail

---

[5] Moving Defendants acknowledge the recent decision by the United States District Court Southern District of New York in *City Of New York v. Magellan Technology, Inc., et al*., No. 23 CIV. 5880, 2024 WL 2701956 (S.D.N.Y. May 24, 2024), concluding that the City had standing to bring a cause of action for violation of NY Pub Health Law 1399-ll by Defendants that included FDV retailers , however such decision did not appear to consider whether such law is applicable to sales to businesses that are wholesalers and should not be binding on this court.

dealer, as defined in section 20-560, in possession of six or more flavored electronic cigarettes, or more than 12 fluid ounces (354.882 mL) of flavored e-liquid, possesses such flavored electronic cigarettes or flavored e-liquid with intent to sell or offer for sale.

Section 20-560 defines "electronic cigarette retail dealer" to include "any person engaged in the **retail sale** of electronic cigarettes," and further provides details on how "a license for each place of business that such person desires to have **for the retail sale** of electronic cigarettes in the city" can be obtained. (emphases added). As pointed out by Plaintiff, the entities that receive products from the Moving Defendants are wholesale-level distributors of vapor products, not retail establishments. *See generally,* SAC ¶¶ 62, (describing warehouses of sub-distributors that engage in further distribution),   141, (alleging sale to *inter alia,* distributors in the City).

NYCRR Specifically allows for the possession and sale of Electronic Cigarettes and Flavored E-liquids that are destined for outside of New York City.

Per NYC RR § 28-02:

Sale or Offer for Sale of Flavored Tobacco Products, Flavored Electronic Cigarettes, and Flavored E-Liquids Restricted. (a) Only the following entities may sell or offer for sale flavored tobacco products: (1) Tobacco bars; and (2) Tobacco wholesalers, but only where the sale or offer of sale is made to a tobacco bar or to an entity located outside the City of New York. (b) The sale of flavored electronic cigarettes and flavored e-liquids may only be sold or offered for sale by wholesalers where the sale or offer of sale is made to an entity located outside the City of New York….

Based on New York City's own regulations, wholesalers are permitted to possess products within New York City if they are possessed for purposes other than for sale within New York City. It is only logical that sales to such wholesalers are similarly permitted within New York City.

9

On March 18, 2024, shortly before the filing of this lawsuit, New York City proposed an "Amendment of Rules Relating to Sale of Flavored Tobacco Products, Electronic Cigarettes and Flavored E-Liquids.[6] In the amendment, "**The Department proposes to eliminate the exception that allows sales of flavored tobacco products, electronic cigarettes and e-liquids to entities located outside of the City**." The comment period for this proposed amendment expired on May 6, 2024, approximately one month after the filing of this lawsuit. By proposing this amendment, the City explicitly acknowledged the existence of the current statutory exemption that *allows* the conduct alleged to be violative of the Administrative Code in the Complaint (i.e., sales of vapor products to wholesalers). Thus, Plaintiff has not alleged any conduct by the Moving Defendants that violates N.Y. Admin. Code § 17-715.

In addition to the above, New York City does not have standing to enforce New York Public Health Law § 1399-*ll* because it does not impose an excise tax on vapor products. The City has elected to tax only cigarettes.

Per New York Public Health Law § 1399-*ll*,

the corporation counsel of any political subdivision that imposes a tax on cigarettes or vapor products intended or reasonably expected to used with or for the consumption of nicotine may bring an action to recover the civil penalties provided by subdivision five of this section and for such other relief as may be deemed necessary with respect to any cigarettes or vapor products intended or reasonably expected to be used with or for the consumption of nicotine shipped, caused to be shipped or transported in violation of this section to any person located within such political subdivision.

---

[6] Amendment of Rules Relating to Sale of Flavored Tobacco Products, Electronic Cigarettes and Flavored E-liquids, available online at https://rules.cityofnewyork.us/rule/amendment-of-rules-relating-to-sale-of-flavored-tobacco-products-electronic-cigarettes-and-flavored-e-liquids/

Although New York City imposes a tax on cigarettes, it does not impose a tax on "vapor products." The clear intent of this statute is that only political subdivisions who impose a tax on vapor products can enforce such statute as it relates to vapor products. Since New York City only imposes a tax on cigarettes, it should not be entitled to enforce such laws as they relate to vapor products.

###  D.    The Insufficiency of Plaintiff's Public Nuisance Claim

Plaintiff seeks to hold the Moving Defendants personally liable for an alleged public health crisis in New York supposedly caused by products alleged to be sold and/or distributed by the Moving Defendants. However, Plaintiff's claims are limited by the time bar that restricts the City's ability to bring claims predicated on facts from before April 4, 2021 (including those against RZ Smoke), and the fact that Plaintiff's public nuisance claim is duplicative of its other causes of actions.

### 1.    Plaintiff's Claim for Public Nuisance is Duplicative

Plaintiff's public nuisance claim should also be dismissed as duplicative of its claims for violations of federal, state and local laws. *In re Methyl Tertiary Butyl Ether (MTBE) Prod.*, 457 F. Supp. 2d 455, 466 (S.D.N.Y. 2006) (Dismissing claims as duplicative of others brought in the same action). New York courts routinely dismiss claims for nuisance where, as here, a cause of action is "based on the same facts, alleges the same wrongs, and seeks the same damages" as another claim. *Drake v. Vill. of Lima*, 200 N.Y.S.3d 600, 603 (2023).

Here, Plaintiff's public nuisance claim is duplicative of its claims for violations of state and local law and should be dismissed. The damages sought under each claim are identical, and Plaintiff does not allege damages independent of those allegedly suffered as a result of the public

nuisance. While Plaintiff does not specifically plead the amount of damages sought under the nuisance claim, his prayer for relief requests an order that Defendants "establish[] a fund to abate the nuisance," a task which would be theoretically equally accomplished by the payment of civil penalties for any violations of PHL §1399-*ll* and/or NYC Admin. Code §17-715. Simply put, without Plaintiff's first two causes of action, *it would have no claim for public nuisance.* For these reasons, the public nuisance claim should be dismissed as a matter of law.

### E.    Failure To State Facts Sufficient To Articulate Statutory Claims

To the extent that the claims against the Moving Defendants stem from their alleged sale of vapor products to distributors of vapor products, these claims should be dismissed for the reasons detailed above. As to the remaining allegedly illegal sales of vapor products, the Complaint does not allege facts sufficient to state a claim for violation of the PACT Act, violation of N.Y. PHL § 1399-*ll*, and violation of N.Y.C. Admin. Code § 17-715(b)(1), against any of the Moving Defendants. Rather than articulate specific facts which define the conduct alleged, Plaintiff relies on threadbare allegations, most of which simply outline legal conclusions that it hopes this Court will accept as true. However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

### 1.    EnviroMD

The Complaint alleges only that Defendant EnviroMD sold flavored e-cigarettes to Star Vape Corp, a distributor of tobacco products. SAC. It alleges that "on information and belief,

Enviro[MD] ships or causes to be shipped vapor products to persons that are not Licensed Dealers." *Id.* ¶ 59.

These facts are not sufficient to support a violation of N.Y. Pub. Health Law § 1399-*ll*. Nor are they sufficient to state a claim for violation of N.Y.C. Admin. Code § 17-715. They do not articulate how EnviroMD's sale of products to a distributor violate either statute, and further do not articulate how any customer of EnviroMD would use or be reasonably expected to use the devices for the consumption of nicotine. Moreover, the Complaint does not allege that EnviroMD's customers are persons who are obligated to maintain a Vape Certificate, and cannot do so as a result of their distributor status. Thus, the factual allegations against EnviroMD are insufficient and the claims should be dismissed.

### 2.  GT Imports

Similarly, the Complaint identifies GT Imports as a wholesaler of vapor products, and alleges that it sold its vapor products to a variety of wholesale businesses, including Topoo Industries, Inc., "Jimmy," R and B Wholesale, Sahara Wholesale, and EZ Wholesale (collectively, the "Alleged GT Customers"). SAC ¶ 63. As detailed in the Complaint, the Alleged GT Customers are all wholesale-level distributors for various consumer goods and therefore should be dismissed.

### 3.  KLCC Wholesale Inc.

As to KLCC, the facts of the Complaint are wholly inadequate to state a claim. The Complaint dedicates only one paragraph to KLCC's alleged conduct, and leaps from the unsupported allegation that KLCC "has purchased hundreds of flavored disposable e-cigarettes from out-of-state distributors" to the conclusion that these products are "presumptively for sale to wholesalers and retailers in the City." SAC ¶ 87. The Complaint does not even allege that KLCC

made a single sale of a tobacco, nicotine, or vapor product in New York City and has provided no supporting details regarding any alleged purchases. It offers no details as to the timeframe of KLCC's alleged violations of any law, does not articulate the identity of any "wholesalers and retailers in the City" who purportedly purchased flavored disposable vape products from KLCC, and does not offer any law to support the "presumption" that Plaintiff is asking the Court to accept. Accordingly, this Court should not consider four lines of text sufficient to allege any claim against KLCC.

4.     RZ Smoke Inc.

The Complaint is also inadequate to allege a claim against RZ Smoke. Separately from the fact that the Complaint alleges only that RZ Smoke sold vapor products to a distributor of vapor products, and not to a retailer, the Complaint supports this allegation with a single exemplary receipt from December 2020, and asks this Court to accept the bald assumption that " RZ Smoke and Star Vape were not in one another's physical presence when the above orders were placed or the deliveries were made and/or the flavored e-cigarettes purchased from RZ Smoke were delivered to Star Vape by remote delivery," without further detail as to how sales "in the hundreds of items" and for thousands of dollars of inventory were delivered or accomplished without direct interaction between the seller and the buyer. SAC ¶ 107-09. The Complaint does not articulate a single sale of a vapor product that was made to a retail dealer of vapor products who was operating without the requisite license under New York state and New York City law. Thus, the claims against RZ smoke, as articulated in the Complaint, are insufficient.

5.     <u>Urban Smoke Distributors</u>

In keeping with the remainder of the Complaint, the facts of the Complaint as to Urban Smoke are patently bare. The Complaint asks this Court to accept as true that "Urban Smoke received orders via the internet or by telephone or by mail order from retailers throughout the City for some or all of the flavored e-cigarettes described above" without alleging any specifics as to the channels of sale, purchasers, end users, quantity, or frequency of any alleged violation. *See generally,* SAC. As with the other Moving Defendants, the Complaint does not allege that the customers of Urban Smoke were obligated to secure Vape Certificates as wholesale distributors, and does not allege any facts to support the contention that the products were sold to individual end users throughout the city.

Instead, Plaintiff asks this Court to infer that by nature of their businesses being located in New York, these large-scale distributors of consumer goods were necessarily selling their products to individuals in New York, and were making said sales outside the limits of state and local law. Plaintiff has not satisfied their factual burden, and cannot ask this Court to suppose the legality of purely hypothetical actions taken by the Moving Defendants.

**F.     Plaintiff Fails to State a Claim for "Public Nuisance"**

Assuming *arguendo* that Plaintiff's public nuisance claim is not duplicative of its other causes of action, Plaintiff has failed to plead his purported claim for "public nuisance."*See generally,* SAC. Plaintiff refers to no constitutional provision, statute, caselaw, or other authority to support the existence of such a claim, and has certainly not identified the material elements of the same. Indeed, Plaintiff's claim that Defendants' sales of flavored vapor products constitutes a

public nuisance and causes nondescript injury City residents is insufficient to notify Defendants as to the substance of the public nuisance claim. *Id.*

A public nuisance consists of "a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons." *Davies v. S.A. Dunn & Co., LLC*, 156 N.Y.S.3d 457, 461 (2021) (citing *532 Madison Ave. Gourmet Foods v. Findlandia Ctr.*, 727 N.Y.S.2d 49, 750 N.E.2d 1097 (2001)). The Complaint alleges that Complainants' sale of certain products *to other distributors of those products* creates a hazardous waste problem in the City, contravenes public policy against sale of tobacco products to minors, and endangers the public health. SAC ¶¶ 200-204. However, this connection is far too attenuated to attribute liability to the Defendants for any "public nuisance" that arises from the improper disposal or use by minors. *See Caldarola v. Town of Smithtown*, 2010 WL 6442698, at *16 (E.D.N.Y. July 14, 2010) ("[T]he Court cannot infer that a considerable number of people in New York are being harmed or that there has been an impact on some right or privilege common to every person in the community." (internal quotations omitted)), *adopted by* 2011 WL 1336574 (E.D.N.Y. Apr. 04, 2011).

Plaintiff relies on broad strokes allegations of Defendant's alleged sales to distributors of vapor products to support its claims for alleged violations of state and local law, and purports that said conduct "has been a substantial factor in bringing about" a public nuisance. SAC ¶ 204. The only factual allegation remotely connected to this purported claim is a vague and conclusory assertion that "Defendants' products create a growing hazardous waste problem from improper disposal in public places." SAC ¶ 173. This is entirely disconnected from the "public nuisance"

that Plaintiff claims to arise from Defendants' alleged conduct. By Plaintiff's own description, the "nuisance" brought about by Defendants' sale of vapor products is founded in use of e-cigarettes by youth in the City. SAC ¶ 204. As demonstrated by the lack of factual specificity, the "hazardous waste" nuisance is clearly an afterthought, is not adequately pled, and cannot be considered sufficient to put Defendants on notice of any claim. Plaintiff does not even plead that Defendants are responsible for any improper disposal of e-cigarette devices, and cannot do so.

Because the Complaint "present[s] no factual allegation supporting the claims interference with a public right," the claims must be dismissed. *Drake v. Vill. of Lima*, 221 A.D.3d 1481, 1483, 200 N.Y.S.3d 600, 604 (2023) (affirming dismissal of public nuisance claim where the plaintiff relied on an allegation that sewer blockage "interfered with the rights common to all").

## V.        <u>CONCLUSION</u>

For the reasons stated above, the Moving Defendants respectfully request that the Court grant their motion for dismissal of the Plaintiff's claims against the Moving Defendants, deny Plaintiff the opportunity to further amend their pleading, and award other and further relief as the Court may deem just and proper.

Dated: September 27, 2024
        New York, New York

By:    /s/ Meredith Lloyd
        Erik Dykema, Esq.
        Meredith Lloyd, Esq. (*pro hac vice*)
        Bochner PLLC
        1040 Avenue of the Americas, 15th Floor
        New York, New York 10018
        erik@bochner.law
        meredith@bochner.law
        (646) 971-0685

*Counsel for Defendants EnviroMD Group LLC, KLCC Wholesale Inc., RZ Smoke Inc., Urban Smoke Distributors, and GT Imports*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2024, I caused the foregoing to be electronically filed with the Clerk via the Court's ECM/ECF system and thereby electronically served on all counsel of record.

*/s/ Erik Dykema*          

Erik Dykema
