UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE CITY OF NEW YORK,                    Case No. 1:24-cv-05161-GHW-JW

                      Plaintiff,

   -against-


ENVIROMD GROUP LLC; *et al.*,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**Table of Contents**

*I.    INTRODUCTION* .................................................................................................................. *1*

*II.   ARGUMENT* ......................................................................................................................... *1*

    **A.**    **Plaintiff Lacks Standing for its PACT Act Claims** ...................................................... 2

    **B.**    **The Lack of Qualifying "Delivery Sales"** ..................................................................... 3

    **C.**    **Limitations Confirmed by Legislative History** .............................................................. 4

    **D.**    **Deficiencies in Factual Support** ..................................................................................... 5

*III.  CONCLUSION* ...................................................................................................................... *6*

**I.    INTRODUCTION**

The City of New York's ("Plaintiff" or the "City") Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Opposition Brief" or "Opp'n Br.")[ECF 87] declines to address the insufficiencies of the Second Amended Complaint [ECF 61] (the "SAC") and instead asks this Court to improperly require Defendants' participation in this action based on policy arguments and generalizations that are untethered to Defendants' alleged conduct. Rather than acknowledge that the state and federal legislation at issue in this matter is clearly directed to regulate the sale of e-cigarettes to individual end-user consumers, Plaintiffs ask this Court to adopt an over-expansive interpretation of the statutory text and to ignore legislative history that clearly defines the intent of the relevant statutes.

For the reasons set forth below and the reasons articulated in their previously submitted Memorandum of Law in Support of their Motion to Dismiss [ECF 83], Defendants EnviroMD Group LLC ("EnviroMD"), KLCC Wholesale Inc. ("KLCC"), RZ Smoke Inc. ("RZ Smoke"), Urban Smoke Distributors ("Urban Smoke"), and GT Imports ("GT" and, collectively, the "Moving Defendants") respectfully urge this Court to dismiss the SAC.

**II.    ARGUMENT**

As discussed herein, Plaintiff's SAC should be dismissed because the claims contained therein are unsupported by law and fact. The City is without standing to bring its claims for violation of the PACT Act, N.Y. P.H.L. § 1399-*ll*, and N.Y.C. Admin. Code § 17-715. The City has not alleged that sales made by the Moving Defendants were "Delivery Sales" as defined by the PACT Act and confirmed by the legislative history of the PACT Act. Finally, the City has failed to allege facts sufficient to satisfy the pleading standards of *Iqbal* and *Twombly*.

1

### A. Plaintiff Lacks Standing for its PACT Act Claims

Plaintiff's Opposition Brief argues that the City has standing under two different theories. Opp'n Br. at 15. First, that the City's tax on combustible cigarettes grants it statutory authority to enforce the PACT Act, and second, that imposing a general tax on products sold at retail is sufficient to grant it standing to enforce the PACT Act against the Defendants. *Id*. Plaintiff's first theory of standing has been extensively discussed, and in the interest of efficiency the Moving Defendants will not re-state their arguments in this brief. However, Plaintiff's second theory is incompatible with the requirements of the PACT Act, which requires that the dispositive laws must be "generally applicable to sales of cigarettes or smokeless tobacco," and lists several common tobacco regulatory devices. 15 U.S.C. 376a(a)(3). The list of laws "generally applicable to sales of cigarettes or smokeless tobacco" contained in the "Prevent All Cigarette Trafficking Act" should not be extended to include all laws regulating any conceivable retail sale of personal property. *Id.* To do so would grant standing to any and all localities in which any consumer good is or has ever been sold, without regard to state and/or local laws actually related to tobacco products. Since the PACT Act regulates the "sales of cigarettes or smokeless tobacco," reading this statute to incorporate any tax applicable to consumer goods would produce absurd results, impermissibly exceeding the scope of the PACT Act as contemplated by Congress. Pub. L. No. 111-154 (2010) (codified at 15 U.S.C. §§ 375 *et seq*.). As acknowledged by Plaintiff, interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available. *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) (internal citations omitted). The limiting consideration is the legislative purpose of a statute, and therefore, this Court should find that the City's retail sales tax does not grant Plaintiff standing under the PACT Act.

### B. The Lack of Qualifying "Delivery Sales"

Plaintiff contends that in order to qualify as a "lawfully operating" business under the PACT Act's exception to "consumer," all of Defendants' customers must be operating "not contrary to law." *Opp'n Br.* at 15-16. However, even if this Court elects to adopt the *Magellan* court's definition of "lawfully operating," it should acknowledge that "Black's Law Dictionary defines 'lawful' as 'not contrary to law; **permitted or recognized by law; rightful**.' *City of New York v. Magellan Tech., Inc.*, No. 23 CIV. 5880, 2024 WL 2701956, at *8 (S.D.N.Y. May 24, 2024) (citing Black's Law Dictionary (11th ed. 2019)) (emphasis added).

Plaintiff's Opposition Brief further asks this Court to engage in cyclical reasoning to exclude the Moving Defendants' customers from the definition of entities "lawfully operating" under the PACT Act. They argue that, because Defendants possess e-cigarettes within New York City, they are necessarily in violation of N.Y.C. Admin. Code § 17-715, and therefore they cannot be "lawfully operating," which in turn renders them in violation of the PACT Act. But, as before, Plaintiff has declined to disclose a critical element of the governing statute. Plaintiff's suggested "broadest possible range of cigarette-related laws"[1] includes at least N.Y.C. Admin. Code § 17-715(a), introduces conflicting definitions of "retail dealers." Under N.Y.C. Admin. Code § 20-201, "[t]he term 'retail dealer' means any person, **other than a wholesale dealer**, engaged in selling cigarettes or tobacco products." *Id.* (emphasis added). "Wholesale dealer" is further defined by the same section as "any person who sells cigarettes to retail dealers or other persons **for purposes of resale only**, and any person who owns, operates or maintains one or more cigarette vending machines in, at or upon premises owned or occupied by any other person." *Id.*

---

[1] *Opp'n Br.* at 17.

Assuming that compliance with the N.Y.C. Admin. Code is dispositive in determining whether a business is "lawfully operating," Plaintiff's Opposition Brief and SAC do not assess the significant ambiguity regarding which entities are subject to the provisions of the N.Y.C. Admin Code that govern tobacco product sales. The N.Y.C. Admin. Code presents two competing sets of definitions to determine whether a business is subject to its restrictions. *See generally,* N.Y.C. Admin. Code §§ 17-702, 17-715, 20-201, 20-560. The local legislative landscape is *at a minimum* ambiguous with respect to whether a wholesale dealer is exempt. As acknowledged by Plaintiff, the rule of lenity is predicated on statutory ambiguity. *Burgess v. United States*, 533 U.S. 124, 135 (2008). In view of the ambiguous exception status introduced by conflicting definitions, this Court should apply the rule of lenity and conclude first that Defendants are exempt from the N.Y.C. Admin. Code and second that Defendants are "lawfully operating" under the PACT Act.

### C. Limitations Confirmed by Legislative History

Legislative history confirms that Congress intended to restrict businesses that sell tobacco products to individual consumers with the PACT Act. Indeed, it was intended to "require Internet and other remote sellers of cigarettes and smokeless tobacco to comply with the same laws that apply to law-abiding tobacco **retailers**…" Pub. L. No. 111-154, §§ (1)(c)(1)-(6). The legislative focus on aligning restrictions on remote sellers with retail-level sellers rather than wholesalers shows that "delivery sales" under the PACT Act are properly limited to those sales made directly to individual end-user consumers, not to sub-distributors, wholesalers, or other businesses. This has been further confirmed by the Second Circuit, when it found that "allegations of PACT Act violations were likely to succeed **only** once there was a 'reasonable basis to believe that a particular shipper was sending cigarettes to **individual consumers**.' " *New York v. UPS*, 942 F.3d 554, 588 (2d Cir. 2019) (emphasis added).

4

Plaintiff's claims under state and local laws suffer the same fatal flaw. The legislative findings made in support of the N.Y. P.H.L. § 1399-*ll* "declare[] that the shipment of cigarettes sold via the internet or by telephone or by mail order **to residents of this state**" and further explicitly targeted "cigarette sales accomplished through direct shipment [, which] made the verification of the purchaser's age difficult." *Brown & Williamson Tobacco Corp. v. Pataki*, 320 F.3d 200, 204 (2d Cir. 2003) (emphasis added). Therefore, the SAC has not alleged that upstream distributors that sell tobacco products to other businesses are making delivery sales to consumers that render them liable under local, state, or federal law.

### D.     Deficiencies in Factual Support

Despite three attempts and the opportunity to explain its pleadings, Plaintiff still has failed to articulate the proper factual basis for its claims. Plaintiff's *ipse dixit* insistence that sales to stores including Star Vape and other businesses are sufficient to support its claims under state, local, or federal law should be rejected.

Plaintiff's Opposition relies on the same conclusory assumptions as the SAC. Specifically, it relies on sales from the Moving Defendants to businesses and downstream distributors including Star Vape, Topo Industries, R and B Wholesale, and EZ Wholesale to support its claims that the Moving Defendants are directly inflicting harm on the youth of New York. *Opp'n Br.* at 21. Tellingly, Plaintiff relies on citations to a website intended to coordinate wholesale-quantity inter-business sales, (https://KLCC-wholesale.com), on invoices exchanged between businesses all operating at a wholesale level, and on "information and belief" that Urban Smoke sells e-cigarettes through undefined channels to the public. *Id.* at 21-22.

5

Thus, the Moving Defendants respectfully reiterate their request seeking dismissal of the Second Amended Complaint.

### III.     CONCLUSION

For the reasons stated above and in the Moving Defendants' Memorandum of Law in Support of their Motion to Dismiss, the Moving Defendants respectfully request that the Court grant their motion for dismissal of the Plaintiff's claims against the Moving Defendants, deny Plaintiff the opportunity to further amend their pleading, and award other and further relief as the Court may deem just and proper.

Dated: November 1, 2024
       New York, New York

By:  */s/ Meredith Lloyd*
     Erik Dykema, Esq.
     Meredith Lloyd, Esq. (*pro hac vice*)
     Bochner PLLC
     1040 Avenue of the Americas, 15th Floor
     New York, New York 10018
     erik@bochner.law
     meredith@bochner.law
     (646) 971-0685

     *Counsel for Defendants EnviroMD Group LLC, KLCC Wholesale Inc., RZ Smoke Inc., Urban Smoke Distributors, and GT Imports*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 1, 2024, I caused the foregoing to be electronically filed with the Clerk via the Court's ECM/ECF system and thereby electronically served on all counsel of record.

                    */s/ Meredith Lloyd*
                    Meredith Lloyd