**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE CITY OF NEW YORK,                              Case No. 1:24-cv-05161-GHW-JW

                          Plaintiff,

              -against-


ENVIROMD GROUP LLC *et al.*,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>**DEFENDANT RZ SMOKE INC.'S ANSWER TO PLAINTIFF THE CITY OF NEW YORK'S**</u>
<u>**SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**</u>

Defendant RZ Smoke Inc. ("RZ Smoke" or "Defendant") by and through its undersigned attorneys, hereby answers Plaintiff the City of New York ("Plaintiff") Second Amended Complaint (the "SAC") filed on August 21, 2024 [ECF 61]. Any allegations not explicitly admitted herein are denied.

### <u>Nature of the Action</u>

1. Denied.

2. Denied.

3. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 3, including the contents or conclusions of any report referenced therein, and therefore denies the same.

4. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 4, including the contents or conclusions of any report referenced therein, and therefore denies the same.

5. Denied.

1

6. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 6, including the contents or conclusions of any report referenced therein, and therefore denies the same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 7, including the contents or conclusions of any report referenced therein, and therefore denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 8, including the contents or conclusions of any report referenced therein, and therefore denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 9, including the contents or conclusions of any report referenced therein, and therefore denies the same.

10. Denied.

11. Denied.

12. Denied.

**Jurisdiction and Venue**

13. Defendant admits only that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a), but denies that jurisdiction or venue are necessarily proper in this Court except to the extent required by law.

14. Defendant admits only that Plaintiff purports that venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1367(a), but denies that jurisdiction or venue are necessarily proper except to the extent required by law.

**Parties**

2

15. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 15 and therefore denies same.

16. Admitted.

17. Admitted.

18. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 18 and therefore denies same.

19. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 19 and therefore denies same.

20. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 20 and therefore denies same.

21. Admitted.

22. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 22 and therefore denies same.

23. Admitted.

24. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 24 and therefore denies same.

25. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 25 and therefore denies same.

26. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 26 and therefore denies same.

27. Defendant is without sufficient knowledge to confirm or deny the veracity of the allegations contained in Paragraph 27 and therefore denies same.

**Background**

## The Family Smoking Prevention and Tobacco Control Act

28.  Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 28 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

29.   Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 29 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

30. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 30 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

31. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 31 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

32. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 32 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

## Use of Flavored E-Cigarettes by Young Persons

33. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 33, including the contents or conclusions of any report referenced therein, and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 34, including the contents or conclusions of any report referenced therein, and therefore denies the same.

4

35. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 35, including the contents or conclusions of any report referenced therein, and therefore denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 36, including the contents or conclusions of any report referenced therein, and therefore denies the same.

37. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 37, including the contents or conclusions of any report referenced therein, and therefore denies the same.

38. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 38, including the contents or conclusions of any report referenced therein, and therefore denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 39, including the contents or conclusions of any report referenced therein, and therefore denies the same.

40. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 40, including the contents or conclusions of any report referenced therein, and therefore denies the same.

41. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 41, including the contents or conclusions of any report referenced therein, and therefore denies the same.

42. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 42, including the contents or conclusions of any report referenced therein, and therefore denies the same.

43. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 43, including the contents or conclusions of any report referenced therein, and therefore denies the same.

44. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 44, including the contents or conclusions of any report referenced therein, and therefore denies the same.

45. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 45, including the contents or conclusions of any report referenced therein, and therefore denies the same.

**Flavor Bans**

46. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 46, including the contents or conclusions of any report referenced therein, and therefore denies the same.

47. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 47, including the contents or conclusions of any report referenced therein, and therefore denies the same.

48. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 48 and therefore denies the same.

**Enforcement Efforts**

49. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 49 and therefore denies the same.

50. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 50, including the contents or conclusions of any report referenced therein, and therefore denies the same.

51. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 51, including the contents or conclusions of any report referenced therein, and therefore denies the same.

## Actions of the Defendants

### EnviroMD Group LLC

52.  Defendant makes no response to the allegations in Paragraph 52 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### N.Y.C. Ad. Code § 17-715

53. Defendant makes no response to the allegations in Paragraph 53 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

54. Defendant makes no response to the allegations in Paragraph 54 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### PACT Act

55. Defendant makes no response to the allegations in Paragraph 55 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

56. Defendant makes no response to the allegations in Paragraph 56 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

57. Defendant makes no response to the allegations in Paragraph 57 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)

58. Defendant makes no response to the allegations in Paragraph 58 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

59. Defendant makes no response to the allegations in Paragraph 59 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### GT Imports

60. Defendant makes no response to the allegations in Paragraph 60 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

61. Defendant makes no response to the allegations in Paragraph 61 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

62. Defendant makes no response to the allegations in Paragraph 62 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

63. Defendant makes no response to the allegations in Paragraph 63 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### PACT Act

64. Defendant makes no response to the allegations in Paragraph 64 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

65. Defendant makes no response to the allegations in Paragraph 65 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

66. Defendant makes no response to the allegations in Paragraph 66 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

67. Defendant makes no response to the allegations in Paragraph 67 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

68. Defendant makes no response to the allegations in Paragraph 68 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

69. Defendant makes no response to the allegations in Paragraph 69 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)

70. Defendant makes no response to the allegations in Paragraph 70 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### Kayla Wholesale, Inc.

71. Defendant makes no response to the allegations in Paragraph 71 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### N.Y.C. Ad. Code § 17-715

72. Defendant makes no response to the allegations in Paragraph 72 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

73. Defendant makes no response to the allegations in Paragraph 73 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### PACT Act & N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)

74. Defendant makes no response to the allegations in Paragraph 74 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

75. Defendant makes no response to the allegations in Paragraph 75 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

76. Defendant makes no response to the allegations in Paragraph 76 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

77. Defendant makes no response to the allegations in Paragraph 77 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

78. Defendant makes no response to the allegations in Paragraph 78 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

79. Defendant makes no response to the allegations in Paragraph 79 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

80. Defendant makes no response to the allegations in Paragraph 80 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

81. Defendant makes no response to the allegations in Paragraph 81 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

82. Defendant makes no response to the allegations in Paragraph 82 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

83. Defendant makes no response to the allegations in Paragraph 83 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

84. Defendant makes no response to the allegations in Paragraph 84 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**KLCC Wholesale**

85. Defendant makes no response to the allegations in Paragraph 85 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**N.Y.C. Ad. Code § 17-715**

86. Defendant makes no response to the allegations in Paragraph 86 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

87. Defendant makes no response to the allegations in Paragraph 87 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

88. Defendant makes no response to the allegations in Paragraph 88 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

89. Defendant makes no response to the allegations in Paragraph 60 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**Pioneer, David Alfih, and Marcus Bernard**

90. Defendant makes no response to the allegations in Paragraph 90 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

91. Defendant makes no response to the allegations in Paragraph 91 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**N.Y.C. Ad. Code § 17-715**

92. Defendant makes no response to the allegations in Paragraph 92 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

93. Defendant makes no response to the allegations in Paragraph 93 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**PACT Act & N.Y. Pub. Hlth. L. § 1399-ll (1-a)**

94. Defendant makes no response to the allegations in Paragraph 94 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

95. Defendant makes no response to the allegations in Paragraph 95 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

96. Defendant makes no response to the allegations in Paragraph 96 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

97. Defendant makes no response to the allegations in Paragraph 97 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

98. Defendant makes no response to the allegations in Paragraph 98 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

99. Defendant makes no response to the allegations in Paragraph 99 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

100. Defendant makes no response to the allegations in Paragraph 100 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

101. Defendant makes no response to the allegations in Paragraph 101 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

102. Defendant makes no response to the allegations in Paragraph 102 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

## RZ Smoke Inc.

103. Admitted only that Defendant is located at the purported physical address and that it operates a website, but denies the allegations of Paragraph 103 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant.

## N.Y.C. Ad. Code § 17-715

104. Denied.

105. Admitted only that the attached documents speak for themselves, but Defendant denies the allegations of Paragraph 105 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant.

106. Denied.

## PACT Act

107. Denied.

108. Denied.

109. Denied.

## N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)

110. Denied.

## <u>Star Zone</u>

111. Defendant makes no response to the allegations in Paragraph 111 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

## N.Y.C. Ad. Code § 17-715

112. Defendant makes no response to the allegations in Paragraph 112 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

113. Defendant makes no response to the allegations in Paragraph 113 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

114. Defendant makes no response to the allegations in Paragraph 114 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

## PACT Act

115. Defendant makes no response to the allegations in Paragraph 115 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

116. Defendant makes no response to the allegations in Paragraph 116 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

117. Defendant makes no response to the allegations in Paragraph 117 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)

118. Defendant makes no response to the allegations in Paragraph 118 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### <u>Urban Smoke</u>
### N.Y.C. Ad. Code § 17-715

119. Defendant makes no response to the allegations in Paragraph 119 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

120. Defendant makes no response to the allegations in Paragraph 120 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

121. Defendant makes no response to the allegations in Paragraph 121 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

122. Defendant makes no response to the allegations in Paragraph 122 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

123. Defendant makes no response to the allegations in Paragraph 123 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

124. Defendant makes no response to the allegations in Paragraph 124 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

### PACT Act

125. Defendant makes no response to the allegations in Paragraph 125 because they are not directed at it. To the extent a response is required, Defendant denies the allegations

126. Defendant makes no response to the allegations in Paragraph 126 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)**

127. Defendant makes no response to the allegations in Paragraph 127 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

128. Defendant makes no response to the allegations in Paragraph 128 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**Vape More**

129. Defendant makes no response to the allegations in Paragraph 129 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**N.Y.C. Ad. Code § 17-715**

130. Defendant makes no response to the allegations in Paragraph 130 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

131. Defendant makes no response to the allegations in Paragraph 131 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

132. Defendant makes no response to the allegations in Paragraph 132 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**PACT Act**

133. Defendant makes no response to the allegations in Paragraph 133 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

134. Defendant makes no response to the allegations in Paragraph 134 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)**

135. Defendant makes no response to the allegations in Paragraph 135 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**Vape Plus**

**N.Y.C. Ad. Code § 17-715**

136. Defendant makes no response to the allegations in Paragraph 136 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

137. Defendant makes no response to the allegations in Paragraph 137 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

138. Defendant makes no response to the allegations in Paragraph 138 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

139. Defendant makes no response to the allegations in Paragraph 139 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

140. Defendant makes no response to the allegations in Paragraph 140 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**PACT Act**

141. Defendant makes no response to the allegations in Paragraph 141 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

142. Defendant makes no response to the allegations in Paragraph 142 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

143. Defendant makes no response to the allegations in Paragraph 143 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**NY Pub. Hlth. L. § 1399-*ll* (1-a)**

144. Defendant makes no response to the allegations in Paragraph 144 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

**<u>Allegations Related to Causes of Action</u>**
**Allegations Related to the PACT Act**

145. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 145 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

146. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 146 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

147. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 147 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

148. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 148 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

149. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 149 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

150. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 150 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

151. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 151 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

152. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 152 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

153. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 153 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

154. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 154 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

155. Denied.

156. Denied.

157. Denied.

158. Defendant makes no response to the allegations in Paragraph 158 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

159. Denied.

160. Denied.

**Allegations Related to N.Y. Pub. Hlth. L. § 1399-*ll* (1-a)**

161. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 161 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

162. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 162 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

163. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 163 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

164. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 164 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

165. Denied.

166. Defendant makes no response to the allegations in Paragraph 166 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

167. Denied.

## Allegations Related to N.Y.C. Administrative Code § 17-715 (b) (1)

168. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 168 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

169. Denied.

## Allegations Related to Public Nuisance

170. Denied.

171. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 171 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

172. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 172 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

173. Denied.

174. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 174, including the contents or conclusions of any report referenced therein, and therefore denies the same.

175. Denied.

176. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph176, including the contents or conclusions of any report referenced therein, and therefore denies the same.

177. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 177, including the contents or conclusions of any report referenced therein, and therefore denies the same.

178. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 178, including the contents or conclusions of any report referenced therein, and therefore denies the same.

179. Defendant lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 179, including the contents or conclusions of any report referenced therein, and therefore denies the same.

180. Denied.

181. Denied.

## FIRST CLAIM FOR RELIEF
### (Violation of the Prevent All Cigarette Trafficking Act)

182. Defendant repeats and realleges its responses to Paragraphs 1 through 181 as if fully set forth herein.

183. Denied.

184. Denied.

185. Denied.

186. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 186 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

187. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 187 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

188. Denied.

### SECOND CLAIM FOR RELIEF
**(Violation of N.Y. Pub. Hlth. L. § 1399-*ll* (1-a))**

189. Defendant repeats and realleges its responses to Paragraphs 1 through 181 as if fully set forth herein.

190. Denied.

191. Defendant makes no response to the allegations in Paragraph 191 because they are not directed at it. To the extent a response is required, Defendant denies the allegations.

192. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 192 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

193. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 193 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

### THIRD CLAIM FOR RELIEF
**(Violation of N.Y.C. Administrative Code § 17-715 (b) (1))**

21

194. Defendant repeats and realleges its responses to Paragraphs 1 through 181 as if fully set forth herein.

195. Denied.

196. Defendant admits that the cited statutes and regulations exist and speak for themselves but denies the allegations of Paragraph 196 to the extent they misstate, characterize, or imply any legal conclusion or admission by Defendant regarding their scope or applicability.

### FOURTH CLAIM FOR RELIEF
**(Public Nuisance)**

197. Defendant repeats and realleges its responses to Paragraphs 1 through 181 as if fully set forth herein.

198. Denied.

199. Denied.

### DEFENSES AND AFFIRMATIVE DEFENSES

In response to the claims contained in Plaintiff's SAC, RZ states the following defenses, incorporate by reference the affirmative defenses of any other defendant in this case and reserve their right to assert other and additional defenses, cross claims and third-party claims not asserted herein of which they become aware through discovery or other investigations as may be appropriate at a later time. In asserting these defenses, RZ does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

### First Defense

200. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

### Second Defense

201. Plaintiff's claims are barred, in whole or in part, because the PACT Act does not apply to the conduct alleged here.

### Third Defense

202. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any public nuisance injury.

### Fourth Defense

203. Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

### Fifth Defense

204.  Plaintiff is barred, in whole or in part, from recovery of any damages because of and to the extent of its failure to mitigate damages

### Sixth Defense

205. Any injuries or damages Plaintiff may have suffered, if any, were caused solely, materially, and proximately by the acts of omissions of others.

### Seventh Defense

206. There is no direct or proximate causal connection between any claim of harm or injury alleged by Plaintiff and any acts alleged to have been committed by RZ.

### Eighth Defense

207. Plaintiff's claims are barred, in whole or in part, because the Amended Complaint has insufficiently alleged that the purchasers of FDVs that were allegedly sold by RZ were not "lawfully operating" as a manufacturer, distributor, wholesaler, or retailer under the PACT Act.

### Ninth Defense

208. Plaintiff's claims are barred, in whole or in part, because the Amended Complaint has insufficiently alleged that the purchasers of FDVs allegedly sold by RZ were "consumers" under the PACT Act.

## Tenth Defense

209. Plaintiff's claims are barred, in whole or in part, because the Amended Complaint has insufficiently alleged that the sales allegedly made to purchasers of FDV's by RZ were "delivery sales" under the PACT Act.

## Eleventh Defense

210. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead that RZ sold FDV s in "interstate commerce" under the PACT Act.

## Twelfth Defense

211. Plaintiff's claims are barred, in whole or in part, because RZ is not liable for the acts of any other Defendant.

## Thirteenth Defense

212. Without admitting that Plaintiff is entitled to recover damages in this matter RZ is entitled to set off from any recovery Plaintiff may obtain against RZ, any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## Fourteenth Defense

213. The injunctive relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has an adequate remedy at law.

## Fifteenth Defense

214. RZ adopts by reference any defense, not otherwise expressly set forth herein, that is pleaded by any other defendant in this action.

## Sixteenth Defense

215. Plaintiff's claims are barred, in whole or in part, because the Amended Complaint has insufficiently alleged that RZ was a retail dealer in possession of four or more flavored tobacco products, with intent to sell or offer for sale pursuant to N.Y.C. Ad. Code § 17-715.

## Reservation of Rights

216. RZ reserves all rights to assert further affirmative defenses as they become known during the course of discovery or otherwise become available or applicable, and to amend this Answer accordingly.

## Jury Demand

Defendant RZ Smoke Inc hereby demands a trial by jury on all issues so triable.

Dated: October 28, 2025

                         Respectfully submitted,


                         By: /s/ Ishmael A. Green
                         Ishmael Green, Esq.(*pro hac vice*)
                         **BOCHNER PLLC**
                         100 S. Ashley Dr. Suite 600
                         Tampa, FL 33602
                         (646) 971-0685
                         igreen@bochner.law

                         *Attorneys for Defendants EnviroMD Group LLC, GT Imports, RZ Smoke Inc., and Urban Smoke Distributors*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on October 28, 2025, I caused the foregoing document to be filed via the Court's CM/ECF electronic filing system, which provides notice to all counsel of record.

<u>Ishmael A. Green</u>
Ishmael A. Green, Esq.