

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **Eric Proshansky**<br>Assistant Corporation Counsel<br>212.356.2032<br>eproshan@law.nyc.gov |

November 18, 2025

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Foley Pearl St.
New York, NY 10007

    Re: *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

    Star Zone, Inc. and the City, parties in this action, write pursuant to the Court's November 17, 2025 order.

    On November 12, 2025, the City and Star Zone, Inc. ("Star Zone") reached a settlement agreement, pursuant to which Star Zone would pay a settlement amount and agree to a consent order with the City. The proposed consent order, among other things, prohibits Star Zone from engaging in or deriving revenue from the sale or delivery of any flavored e-cigarette or related product in the City of New York. *See* Proposed Order on Consent, ECF No. 149 ¶¶ 2-3. Pursuant to the proposed consent order, the City may enforce the order by submitting evidence to Star Zone that it has engaged in transactions involving flavored e-cigarettes or related products in the City of New York in violation of the order. *Id.* ¶ 6. If the City supplies such evidence, Star Zone agrees to pay a penalty. *Id.* ¶ 7. In exchange, the City of New York has agreed to dismiss its claims against Star Zone. *Id.* ¶ 5. The City and Star Zone both agree to the terms of the proposed consent order and jointly request that it is entered by the Court.

    "The proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved,' in the event that the consent decree includes injunctive relief." *United States SEC v. Citigroup Global Mkts.*,

752 F.3d 285, 294 (2d Cir. 2014) (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)). "Whether a consent decree is fair and reasonable turns on (1) basic legality of the decree; whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 369 (S.D.N.Y. 2016).

  Here, as this Court has held, the Corporation Counsel of the City of New York is authorized to enforce the PACT Act and the Public Health Law. *City of New York v. Enviromd Grp. LLC*, 2025 U.S. Dist. LEXIS 133942, *21-22, 32 (S.D.N.Y. July 14, 2025). The terms of the proposed consent order—as explained above—are detailed and specific. They ensure that the City can monitor Star Zone's compliance with the order by providing a mechanism pursuant to which the City can supply Star Zone with evidence of transactions in New York City, which Star Zone can dispute. By banning Star Zone from engaging in transactions involving flavored e-cigarettes in New York City, the proposed consent also reflects a resolution of the claims in the Second Amended Complaint, which alleges that Star Zone has violated the PACT Act and the New York Public Health Law by engaging in such transactions.

  Finally, the public interest is served by the entry of the proposed consent order. As the City has alleged, Star Zone's sales of flavored e-cigarettes have contributed to a public health crisis in the City of New York. By entering this order, Star Zone will stop those sales. This is clearly in the public interest. Indeed, Judge Stanton has entered nearly identical consent orders as the order proposed here—evidence that the orders serve the public interest. *See City of New York v. Magellan Technology, Inc.*, 1:23-cv-05880-LLS (S.D.N.Y.), ECF Nos. 57, 66.

  Thank you for your attention to this matter.

                Respectfully submitted,

                */s/ Eric Proshansky*
                Eric Proshansky
                Assistant Corporation Counsel


                */s/ Alexander D. Widell*
                Alexander D. Widell
                Counsel for Defendant Star Zone, Inc.