UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 24-cv-05161-GHW-JW

------------------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                                        Plaintiff,

v.

ENVIROMD GROUP LLC; GT IMPORTS; KAYLA
WHOLESALE, INC., d/b/a The Vapery; KLCC WHOLESALE
INC.; PIONEER DISTRIBUTION, INC. a/k/a
WEVAPEUSA.COM a/k/a SELLER SUPREME LLC; RZ
SMOKE INC.; STAR ZONE INC.; URBAN SMOKE
DISTRIBUTORS; VAPE MORE INC. a/k/a MORE LLC;
VAPE PLUS DISTRIBUTION CORP. a/k/a G&A
DISTRIBUTION; DAVID ALFIH a/k/a David Alfieh, a/k/a DJ
Alfani, and MARCUS BERNARD,

                                                        Defendants.

-------------------------------------------------------------------------------x

**ORDER ON CONSENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2025

**WHEREAS**, on April 4, 2024, the City of New York (the "City") commenced an action against, among other defendants, Kayla Wholesale, Inc. (the "Company"), captioned *The City of New York v. EnviroMD Group LLC et al.*, Index No. 451009/2024 (Sup. Ct. NY. County) (the "Action"), which the defendants removed to the United States District Court for the Southern District of New York;

**WHEREAS**, the Second Amended Complaint sets forth allegations by the City that the Company, among other defendants, has violated the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375, *et seq.*;

**WHEREAS**, the Second Amended Complaint sets forth allegations by the City that the Company, among other defendants, has violated New York State Public Health Law § 1399-*ll* by shipping or causing to be shipped to persons unauthorized to receive "vapor products," as defined by that statute, intended or reasonably expected to be used with or for the consumption of nicotine;

**WHEREAS**, the Second Amended Complaint sets forth allegations by the City that the Company, among other defendants, has violated New York City Administrative Code ("Ad. Code") § 17-715(b)(1) by selling, offering to sell, or possessing with intent to sell or offer for sale, "flavored electronic cigarettes or flavored e-liquids" as those terms are defined by the Ad. Code;

1

**WHEREAS**, the Second Amended Complaint sets forth allegations by the City that the Company, among other defendants, is responsible, in part, for creating and continuing a common law public nuisance;

**WHEREAS,** the Company agrees to enter into this Order on Consent ("Consent Order") to provide the relief specified herein and to provide an assurance to the City of New York of the Company's compliance with respect to the distribution and sale of flavored e-cigarettes, and that the Company will not engage in any transaction involving any flavored electronic cigarette, flavored e-liquid, flavored vapor product, or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product, or electronic nicotine delivery system using a characterizing flavor with any entity located in the City of New York or intended to be delivered into New York City;

**WHEREAS,** the City and the Company recognize, and the Court by entering this Consent Order so finds, that this Consent Order has been negotiated in good faith, will avoid litigation and is fair, reasonable, and in the public interest;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned Parties, as follows:

## DEFINITIONS

1. For purposes of this Assurance of Legal Compliance:

    a. *Electronic nicotine delivery system*. The term "electronic nicotine delivery system" (or "ENDS") shall have the meaning set forth in 15 U.S.C. § 375(7), except that the term shall exclude (i) aerosolizing apparatuses, devices, batteries, cartridges, pods, hardware, and the like that do not contain any e-liquid and (ii) products that contain a solution that is intended to be aerosolized but which solution does not contain any natural or synthetic nicotine.

    b. *E-cigarette*. The term "e-cigarette" shall have the meaning set forth in N.Y. Pub. Health L. § 1399-aa.

    c. *Vapor products*. The term "vapor products" shall have the meaning set forth in N.Y. Pub. Health L. § 1399-aa.

    d. *Characterizing flavor, flavored e-liquid, and flavored e-cigarette*. The terms "characterizing flavor," "flavored e-liquids" or "flavored e-cigarette" shall have the meaning set forth in N.Y.C. Ad. Code § 17-713.

    e. *Parties*. The term the "Parties" shall mean collectively the City of New York and the Company.

2

    f.   *Company.* The term "the Company" shall mean Vape More, Inc.

    g.   *Prohibited Product.* The term "Prohibited Product" shall mean any flavored electronic cigarette, flavored e-liquid, flavored vapor product, or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product, or electronic nicotine delivery system using a characterizing flavor. For the avoidance of doubt, for the purposes of this Consent Order, a product shall not be considered to be "flavored" or to have a characterizing flavor if the product is tobacco-flavored or unflavored.

## COMMITMENTS BY THE COMPANY

2. The Company shall not participate, directly or through an employee, agent, representative, or affiliate, in any transaction of any kind with any entity located within the City of New York which transaction involves the sale, delivery, or other disposition of any Prohibited Product in or into the City of New York. For the avoidance of doubt, nothing in this Consent Order shall be construed to prohibit transactions between the Company and a counterparty wherein the counterparty has a presence (whether by way of, *e.g.*, an office or other facilities or employees) in the City of New York provided that the transaction shall not involve the sale, transfer, or other disposition of any Prohibited Product in or into the City of New York.

3. The Company shall not obtain any revenue for itself or for any other person, directly or through an employee, agent, representative, or affiliate, from any transaction of any kind with any entity located within the City of New York that involves the sale, delivery, or other disposition of any Prohibited Product in or into the City of New York. For the avoidance of doubt, nothing in this Consent Order shall be construed to prohibit the Company from obtaining revenue for itself or for any other person from any transaction between the Company and a counterparty wherein the counterparty has a presence (whether by way of, *e.g.*, an office or other facilities or employees) in the City of New York provided that the transaction shall not involve the sale, transfer, or other disposition of any Prohibited Product in or into the City of New York.

4. The Company shall not either directly or through an employee, agent, representative, or affiliate, participate in any transaction that the Company knows or reasonably should know is intended to transport or deliver into the City of New York any Prohibited Product. For the avoidance of doubt, nothing in this Consent Order shall be construed to prohibit the Company from obtaining revenue from any transaction whereby any Prohibited Product is transported or shipped *through* the City of New York, but the ultimate destination is outside of the City of New York. For purposes of this paragraph 4 the evidentiary burden is on the Company to establish that the

company did not know that the final destination was for delivery of the Prohibited product into the City of New York.

5. The Company shall pay to the City an agreed-upon amount to be memorialized in a separate writing within thirty (30) days of entry of this Consent Order. Upon the City's receipt of this payment, the City fully and completely waives, releases, and forever discharges Company and each of its parents, subsidiaries, predecessors, successors, assigns, owners, members, current and past directors, officers, managers, partners, agents, attorneys, administrators, executors, employees, and representatives (collectively, the "Defendant Released Persons"), from any and all claims, actions, causes of action, damages, attorney's fees, allegations, demands, and any and all claims of any kind or appeals of any kind, whether arising at law or in equity, which the City may have, may now have, or may hereafter have against any of them arising from or related to any state of facts existing or arising up to the date of entry of this Consent Order, including, but not limited to, the claims that the City has brought or could have brought in the Action. The City intends by this provision to forever remise, acquit, waive, release, and discharge the Defendant Released Persons of and from all potential claims and demands for injuries, losses, or damages, known or unknown, direct or indirect, arising from or related to the Action or claims that could have been brought in the Action.

6. The Company agrees that, by no later than ten (10) business days following receipt from the City of information identifying by name and address any entity or person located within the City of New York that the City can show more probably than not has engaged in a transaction with the Company involving a Prohibited Product that is prohibited under the terms of this Consent Order, the Company will cease any sales, transfers, or other dispositions or offers to sell to such entity or person, and shall advise the City of such action.

7. In the event that the City of New York provides the Company with evidence that the Company more probably than not has engaged in a transaction that involved the sale, delivery, or disposition of any Prohibited Product to any entity located within the City of New York in violation of the terms of this Consent Order, the Company shall, upon demand by the City, pay to the City a penalty in the amount of $1,000.00 for each individual item meeting the definition of a Prohibited Product.

8. The Company expressly agrees and acknowledges that the City of New York may initiate a subsequent investigation, civil action, or proceeding to enforce this Consent Order and agrees and acknowledges that in such event:

    a. any statute of limitations or other time-related defenses shall be tolled from and after the effective date of this Consent Order;

4

    b. the City of New York may use statements, documents, or other materials produced or provided by the Company prior to or after the effective date of this Consent Order;

    c. any civil action or proceeding must be adjudicated by the courts of the State of New York, and the Company irrevocably and unconditionally waives any objection based upon personal jurisdiction, inconvenient forum, or venue; and

    d. if a court of competent jurisdiction determines that the Company has violated the Consent Order, the Company shall pay to the City of New York the reasonable cost, if any, of obtaining such determination and of enforcing this Consent Order, including without limitation attorney's fees, expenses, and court costs.

9. All terms and conditions of this Consent Order shall continue in full force and effect on any successor, assignee, or transferee of the Company. The Company shall include in any such successor, assignment, or transfer agreement a provision that binds the successor, assignee or transferee to the terms of the Consent Order. No party may assign, delegate, or otherwise transfer any of its rights or obligations under this Consent Order without the prior written consent of the City of New York.

10. Any failure by the City of New York to insist upon the strict performance by the Company of any of the provisions of this Assurance shall not be deemed a waiver of any of the provisions hereof, and the City of New York, notwithstanding that failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Consent Order to be performed by the Company.

11. Unless a term limit for compliance is otherwise specified within this Consent Order, the Company's obligations under this Consent Order are enduring. Nothing in this Consent Order shall relieve the Company of other obligations imposed by any applicable local, state, or federal law or regulation or other applicable law.

12. Notwithstanding anything in paragraph 11 of this Consent Order, in the event of any material change in the terms of New York City Ad. Code § 17-715(b)(1) the City agrees to conform the terms of this Consent Order to the terms of that material change.

13. Nothing contained herein shall be construed to limit the remedies available to the City of New York in the event that the Company violates the Consent Order after its effective date.

14. This Consent Order shall not grant any rights or privileges to any person or entity who is not a party to this agreement, nor shall this Consent Order affect or limit in any way the rights of any such third party.

15. In the event that any one or more of the provisions contained in this Consent Order shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, in the sole discretion of the City of New York, such invalidity, illegality, or unenforceability shall not affect any other provision of this Consent Order.

16. This Consent Order shall be governed by the laws of the State of New York without regard to any conflict of laws principles.

17. The Consent Order and all its terms shall be construed as if mutually drafted with no presumption of any type against any party that may be found to have been the drafter.

Dated: September 18, 2025
New York, New York

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
 City of New York
*Attorney for Plaintiff City of New York*
100 Church Street, 20th Floor
New York, New York 10007
(212) 356-2032

By: /s/
Eric Proshansky
Aatif Iqbal
Elizabeth Slater
Assistant Corporation Counsels

By: _____ 9/18/2025

By Kayla Franks
Defendant KAYLA WHOLESALE, INC.,
d/b/a The Vapery *Inc.*

**THE FOREGOING CONSENT ORDER BETWEEN THE CITY OF NEW YORK AND KAYLA WHOLESALE, INC. DATED SEPTEMBER 18, 2025 IS HEREBY APPROVED.
IT IS SO ORDERED.**

Dated: November 21, 2025
New York, New York

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE