

# THE CITY OF NEW YORK
## LAW DEPARTMENT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Elizabeth Slater**
Assistant Corporation Counsel
212.356.2033
eslater@law.nyc.gov

November 25, 2025

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Foley Pearl St.
New York, NY 10007

Re: *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

Vape More Inc. and the City, parties in this action, write pursuant to Rule 1(F) of the Court's Individual Rules of Practice in Civil Cases.

On November 19, 2025, the City and Vape More Inc. ("Vape More") reached a settlement agreement, pursuant to which Vape More would pay a settlement amount and agree to a consent order with the City. The proposed consent order, among other things, prohibits Vape More from engaging in or deriving revenue from the sale or delivery of any flavored e-cigarette or related product in the City of New York. *See* Proposed Order on Consent ¶¶ 2-3. Pursuant to the proposed consent order, the City may enforce the order by submitting evidence to Vape More that it has engaged in transactions involving flavored e-cigarettes or related products in the City of New York in violation of the order. *Id.* ¶ 6. If the City supplies such evidence, Vape More agrees to pay a penalty. *Id.* ¶ 7. In exchange, the City of New York has agreed to dismiss its claims against Vape More. *Id.* ¶ 5. The City and Vape More both agree to the terms of the proposed consent order and jointly request that it is entered by the Court.

"The proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved,' in the

event that the consent decree includes injunctive relief." *United States SEC v. Citigroup Global Mkts.*, 752 F.3d 285, 294 (2d Cir. 2014) (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)). "Whether a consent decree is fair and reasonable turns on (1) basic legality of the decree; whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 369 (S.D.N.Y. 2016).

Here, as this Court has held, the Corporation Counsel of the City of New York is authorized to enforce the PACT Act and the Public Health Law. *City of New York v. Enviromd Grp. LLC*, 2025 U.S. Dist. LEXIS 133942, *21-22, 32 (S.D.N.Y. July 14, 2025). The terms of the proposed consent order—as explained above—are detailed and specific. They ensure that the City can monitor Vape More's compliance with the order by providing a mechanism pursuant to which the City can supply Vape More with evidence of transactions in New York City, which Vape More can dispute. By banning Vape More from engaging in transactions involving flavored e-cigarettes in New York City, the proposed consent also reflects a resolution of the claims in the Second Amended Complaint, which alleges that Vape More has violated the PACT Act and the New York Public Health Law by engaging in such transactions.

Finally, this Court and Judge Stanton have entered nearly identical consent orders as the order proposed here, evidencing that the orders serve the public interest. *See* ECF Nos. 154, 157; *City of New York v. Magellan Technology, Inc.*, 1:23-cv-05880-LLS (S.D.N.Y.), ECF Nos. 57, 66.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Elizabeth Slater*
Elizabeth Slater
Assistant Corporation Counsel

/s/ *Eric N. Heyer*
Eric Heyer
Counsel for Defendant Vape More Inc.