THOMPSON
HINE

ATLANTA    CINCINNATI    COLUMBUS    LOS ANGELES    NEW YORK

CHICAGO    CLEVELAND    DAYTON    MINNEAPOLIS    WASHINGTON, D.C.

January 6, 2025

*Via ECF*

Hon. Gregory H. Woods
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007
WoodsNYSDChambers@nysd.uscourts.gov

RE: Defendant Vape Plus' Request for a Pre-Motion Conference in *The City of New York v. Enviromed Group LLC et al.*, Civil Action No. 1:24-cv-5161 GHW-JW

Dear Judge Woods:

Pursuant to Chambers Rule and 2(E), Defendant Vape Plus Corp. a/k/a G&A Distribution ("Vape Plus"), by and through its undersigned counsel, respectfully requests that this Court grant Vape Plus' request for a pre-motion conference. Pursuant to Chambers Rule 1(A), Vape Plus notes that the Plaintiff The City of New York ("the City") does not consent to this request. Vape Plus intends, and has good cause, to file a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings as to the City's PACT-Act related claims. While Vape Plus' forthcoming motion provides a detailed statutory analysis of Vape Plus' bases for seeking a judgment on the pleadings, a high-level summary is as follows:

Plaintiff's Second Amended Complaint ("SAC") alleges that Vape Plus violated the Prevent All Cigarette Trafficking ("PACT") Act, 15 U.S.C. § 375, *et seq.* with regard to its alleged sales of flavored electronic nicotine delivery systems ("ENDS") to recipients in New York City. To the extent that the SAC could be construed to contain allegations supporting a cause of action that Vape Plus made sales in violation of the PACT Act outside New York City—as Plaintiff's counsel has stated in communications with Vape Plus's counsel—neither the SAC nor cannons of statutory interpretation support this interpretation of the SAC or the PACT Act. For the avoidance of doubt, Vape Plus intends to file a Rule 12(c) motion for judgment that the pleadings do not support Plaintiff's argument that the PACT Act provides it a cause of action to enforce and restrict violations of the PACT outside its municipal borders as a matter of law.

A Rule 12(c) motion for judgment on the pleadings challenges the legal sufficiency of the opposing party's pleadings. Where, as here, the motion is brought by a defendant, it is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss. *Lively v. WAFRA Inv. Advisory Grp. Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). To survive a defendant's Rule 12(c) motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (internal quotations

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W., Suite 700
Washington, D.C. 20036-3537

www.ThompsonHine.com
O: 202.331.8800
F: 202.331.8330



January 6, 2026
Page 2

omitted). The reviewing court "is free to disregard conclusory allegations or legal conclusions couched as factual allegations." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022) (discussing the Rule 12(b)(6) standard of review). The City's SAC falls far short of meeting this Rule 12(c) standard for two reasons.

First, none of the allegations directed at Vape Plus specifically or generally allege that Vape Plus made sales of flavored ENDS products outside New York City. The City's position that the SAC alleges sufficient facts to state a claim that Vape Plus (1) sold flavored ENDS products outside New York City and (2) did so in violation of the PACT Act is belied by the plain meaning of the words and facts alleged. While this Court is required to view the SAC in the light most favorable to the Plaintiff, it "cannot extrapolate . . . inferences in favor of plaintiff without sufficient factual allegations from which to draw these inferences." *Monastra v. NYNEX Corp.*, 2000 U.S. Dist. LEXIS 13142, *23, No. 99 CIV. 8917 (RCC) (S.D.N.Y. Sept. 8, 2000). For this obvious and simple reason, the City's claim cannot survive Rule 12(c) scrutiny.

Second, the City's claim that Vape Plus allegedly violated the PACT Act in *other* jurisdictions—despite never alleging this in its SAC—falls outside the scope of the PACT Act's zone of interest. "Whether a plaintiff comes within the 'zone of interest' is an issue that requires [courts] to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." *Lexmark Int'l, Inc. v Static Control Components, Inc.*, 572 U.S. 118, 127 (2014). Where, as here, a court has determined that a plaintiff has Article III standing, it may consider a zone of interest challenge through a Rule 12(c) motion for judgment on the pleadings. *See Elliott v. QF Circa 37, LLC*, 2017 U.S. Dist. LEXIS 206015, *22 (S.D. Cal. Dec. 14, 2017); *see also AICPA v. IRS*, 199 F. Supp. 3d 55, 73 (D. D.C. 2016).

Applying traditional tools of statutory interpretation, 21 U.S.C. § 378(c)(1)(A) provides a cause of action to state and local governments to prevent or restrain violations of the PACT Act occurring within their borders. It does not, as the City suggests, provide a cause of action for one jurisdiction to restrain violations of the PACT Act occurring in and pursuant to the laws of other jurisdictions. Indeed, all provisions of 15 U.S.C. § 375, *et seq*. are either directed at the jurisdiction of the products' destination or are otherwise silent. It would also be illogical to conclude that the PACT Act provides the City of New York a cause of action to sue an ENDS business for violating a flavor ban in California or, for that matter, the City of Albany. If that were true, an ENDS business that violates the law of one state or locality could be sued by every other state and locality based on the same set of operative facts. Congress enacted the PACT Act to prevent illegal cigarette trafficking; it did not enact the PACT Act to open a Pandora's Box of duplicative



January 6, 2026
Page 3

litigation. Thus, the City's cause of action under the PACT Act is limited to enforcing the City's ENDS-related laws with respect to products sold and destined for delivery within its borders.[1]

Accordingly, for the reasons outlined above and to be further detailed in Vape Plus' motion, Vape Plus seeks a pre-motion conference with this Court so that it may file its Rule 12(c) motion for judgment on the pleadings that the City has failed to allege—and statutorily cannot allege—a cause of action against Vape Plus for any sales made outside the City of New York in violation of the PACT Act.

Respectfully Submitted,

**Thompson Hine LLP**

By: */s/ Eric N. Heyer*
Eric N. Heyer
Joseph A. Smith
Anna M. Stressenger
Ryan D. Callinan
Thompson Hine LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
T: (202) 331.8800
Eric.Heyer@ThompsonHine.com
Joe.Smith@ThompsonHine.com
Anna.Stressenger@ThompsonHine.com
Ryan.Callinan@ThompsonHine.com

*Counsel for Defendant Vape Plus Distribution Corp. d/b/a G&A Distribution*

---

[1] Further, it is unclear what injury the City would suffer by Vape Plus allegedly violating the ENDS-related laws of other jurisdictions. It is equally unclear how the City could obtain relief from such injury by suing to enforce the ENDS-related laws of other jurisdictions. And the City makes no allegations of such injury or entitlement to relief in the SAC.