

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2033
eproshan@law.nyc.gov

January 12, 2026

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re: *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.): **Reply to Vape Plus Premotion Letter**

Dear Judge Woods:

      We represent Plaintiff the City of New York (the "City"). Defendant Vape Plus Corp. a/k/a G&A Distribution ("Vape Plus") asks the Court to hold, under Rule 12(c), that the City's power to enforce the PACT Act against Vape Plus extends only to those "delivery sales" in which Vape Plus delivered illegal product into the City, but does not extend to what Vape Plus calls "violations of the PACT outside its municipal borders."[1] But Vape Plus misstates both the allegations of the Complaint and, more crucially, mis-frames the legal question at hand. The place of product delivery is an element of some, *but not all*, of the many PACT Act provisions that Vape Plus violates: Vape Plus violates the PACT Act by conduct in the City. The proposed motion, if permitted, would fail.

      Failing to contest successfully the City's plenary PACT Act standing, *see City of N.Y. v. Enviromd Grp. LLC*, No. 1:24-cv-5161-GHW, 2025 LX 292331 (S.D.N.Y. July 14, 2025) ("*EnviroMD*"); *see also City of N.Y. v. Magellan Tech., Inc.*, 2024 LX 55159 (S.D.N.Y. Dec. 20, 2024), Vape Plus tries for a second bite of the Apple, floating a theory that the City's power to enforce the PACT Act extends only to instances in which the illicit product sold in a delivery sale is delivered into the City. Under this theory, delivery sales originating in the City are not, Vape Plus contends, actionable under the PACT Act by the City when the product is delivered elsewhere than the City. The plain text of the PACT Act says otherwise. And should further briefing be called for, the City would also show that the legislative intent embodied in the PACT Act's congressional findings also requires rejection of a parochial construction of the Act that curtails Congress's express determination to "create strong disincentives to illegal smuggling of tobacco products; [and] provide government

---

[1] A PACT Act "delivery sale" is a sale in which a consumer has either placed an order for or received a delivery of an e-cigarette while not in the physical presence of the seller. 15 U.S.C. § 375 (5)

1

enforcement officials with more effective enforcement tools to combat tobacco smuggling." *New York v. UPS*, 942 F.3d 554, 565 (2d Cir. 2019) (quoting 15 U.S.C. § 375, findings).

Vape Plus argues that "the pleadings do not support Plaintiff's argument that the PACT Act provides [the City] a cause of action to enforce and restrict violations of the PACT [sic] *outside its municipal borders* as a matter of law." *Dkt. No*. 170 at 1 (emphasis added). Contrary to that profound misunderstanding of the PACT Act, the PACT Act necessarily had to provide jurisdictions with the power to pursue violations that occur outside their borders, so that the PACT Act inherently regulates conduct that can occur outside of an enforcing jurisdiction's borders. Delivery sellers like Vape Plus are nearly always are engaged in product sales from one jurisdiction into another, as that provided the impetus for the PACT Act: "Congress passed the PACT Act to address the 'increasing problem' of tobacco smuggling in the United States. With existing laws inadequate in 'the Internet age,' smugglers could circumvent state and federal laws by selling over the internet and through the mail." *City of N.Y. v. United States Postal Serv.*, 519 F. Supp. 3d 111, 116 (E.D.N.Y. 2021). PACT Act violations by delivery-sellers making remote sales or deliveries without for example paying taxes in the destination jurisdiction are typically committed by actors outside the borders of the enforcing jurisdiction, requiring governments to enforce the PACT Act against violators outside the enforcers borders. *See, e.g.*, *New York v. UPS*, 942 F.3d 554 (2d Cir. 2019); *City of N.Y. v. United States Postal Serv.*, 519 F. Supp. 3d 111 (E.D.N.Y. 2021); *City of N.Y. v. LaserShip, Inc.*, 33 F. Supp. 3d 303 (S.D.N.Y. 2014), each upholding the City claims under the PACT Act for violations committed outside the City's borders.[2]

But we are not here even concerned with regulating conduct outside the City's borders, and the far larger flaw in Vape Plus's argument is that it is not premised on the facts at hand. Indeed, Vape Plus incorrectly structures its argument by assuming what it must prove: "the pleadings do not support Plaintiff's argument that the PACT Act provides [the City] a cause of action to enforce and restrict *violations of the PACT [Act] outside its municipal borders* ..." *Dkt. No*. 170 at 1 (emphasis added)). Whether or not the violations at issue here are "*outside [the City's] municipal borders*" is the question to be answered, not a conclusion to be assumed. Vape Plus's argument, correctly presented, (although itself still incorrect), is that the City has no power under the PACT Act to proceed against a delivery seller whose delivery sales originate *inside the City* that end with product delivered to consumers *outside* the City. Correctly analyzed under the present facts the argument fails under the statute's plain text: the PACT Act penalizes the making of delivery sales by imposing a myriad of packaging, mailing and other regulatory measures; when violated, the violations occur in the delivery seller's home jurisdiction (here, the City). There is no textual element of a PACT Act delivery sale violation that requires product to have been delivered into the jurisdiction bringing the enforcement action, and Vaper Plus cites none. Although it is correct that the situs of delivery is important for triggering *part* of the compliance array to which a delivery seller must adhere, that is not so for all PACT Act provisions. Thus, in addition to 15 U.S.C. § 376a (a) (requiring delivery sellers to comply with all State and local laws "as if the delivery sales occurred entirely within" the State and place of delivery), the PACT Act contains a host of stand-alone requirements for delivery sales that are in force

---

[2] The PACT Act also provides enforcement standing to entities that have *no boundaries* comparable to a government enforcer. *See* 15 U.S.C. § 378(d). Tobacco permit holders such as manufacturers or importers also have PACT Act standing "to prevent and restrain violations of the PACT Act." For those entities, there can be no "boundary" restraints on where PACT Act violations must occur comparable to what Vape Plus suggests for state and local governments. indicating an absence of an intent to confine actions by governments in the manner suggested by Vape Plus. Where Congress intended to "provide government enforcement officials with more effective enforcement tools to combat tobacco smuggling," 15 U.S.C. § 375, findings, it would not have provided private actors with more expansive enforcement powers than those governments.

regardless of the place of delivery.[3]

Two simple examples from the plain text of the Act illustrate plausible PACT Act violations by Vape Plus committed in, and actionable by, the City. Placing cigarettes in the mails violates the PACT Act. *See* 18 U.S.C. § 1716E (d) ("All cigarettes … are nonmailable and shall not be deposited in or carried through the mails.") A local government can bring an action against *"any person* violating this section" for civil penalties. 18 U.S.C. § 1716E(h) (emphasis added). Vape Plus's mailings, if any, occurred within the City; no aspect of the violation "shall not be deposited in the mails" occurred "outside the City's borders." Also, the PACT Act is violated by sending packages that do not disclose package contents, or exceed ten pounds in weight, or are delivered without mechanisms for age verification. *See* 15 U.S.C. § 376a (a),(b),(c). To the extent Vape Plus failed to comply by, for example, by sending a package exceeding ten pounds, or without proper age verification or labelling, the PACT Act violations occurred in the preparation of the package, in the City.

The plain text of the PACT Act's enforcement provision provides that the City "may bring an action … to prevent and restrain violations of 15 USCS §§ 375 *et seq*. by any person or to obtain any other appropriate relief from any person *for violations of this Act*, including civil penalties, money damages, and injunctive or other equitable relief." 15 U.S.C. § 378 (emphasis added). All that is required for a party afforded standing to trigger a suit is "*a violation of this Act*," not "a violation of this Act affecting the City." As the Court has ruled in a comparable context, to adopt a view that more is needed, for example product delivery into the City, would "require[] the Court to depart from the plain meaning of the text, which imposes no such limitation." *Enviromd*, 2025 U.S. Dist. LEXIS 133942, at *17-18. The PACT Act is violated by a mailing, or a packaging failure, without more. This textual analysis is unambiguous and there is no need to resort to the vagaries of "zones of interest" or the misdirected blasts of the "cannons of construction." *See Dkt. No*. 71 at 1.

Finally, Vape Plus's remarks that the City has not expressly pleaded "out-of-city" sales raises an irrelevant issue because there are no violations premised "on product delivered outside the City." The City has pleaded that Vape Plus violates the PACT Act. Those violations occur through conduct in the City. The Court has already held that "Because the City 'plausibly' pleads that each of the moving Defendants shipped e-cigarettes to unlicensed purchasers in New York State, and sold flavored e-cigarettes in New York City in violation of the local ban on such sales, the moving Defendants' motions to dismiss are denied." *EnviroMD*, 2025 U.S. Dist. LEXIS 133942, at *3.

Thank you for your attention to this matter.

Respectfully submitted,

_____
Eric Proshansky
Elizabeth Slater
Aatif Iqbal
Assistant Corporation Counsels

---

[3] Contrary to Vape Plus's suggestion, the City is not seeking to enforce "a flavor ban in California or, for that matter, the City of Albany." (Dkt. No. 170 at 2.) The City is enforcing the PACT Act itself and no other law with respect to conduct that took place inside the City.