

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

| STEVEN BANKS | 100 CHURCH STREET | Elizabeth Slater |
| *Corporation Counsel* | NEW YORK, NEW YORK 10007 | Assistant Corporation Counsel |
| | | 212.356.2033 |
| | | eslater@law.nyc.gov |

February 27, 2026

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Foley Pearl St.
New York, NY 10007

    Re: *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

    The City and GT Import & Wholesale Inc. ("GT Imports"), parties in this action, write pursuant to Rule 1(F) of the Court's Individual Rules of Practice in Civil Cases.

    On February 23, 2026, the City and GT Imports reached a settlement agreement, pursuant to which GT Imports would pay a settlement amount and agree to a consent order with the City. The proposed consent order, among other things, prohibits GT Imports from engaging in or deriving revenue from the sale or delivery of any flavored e-cigarette or related product in the City of New York. *See* Proposed Order on Consent ¶¶ 2-3. Pursuant to the proposed consent order, the City may enforce the order by submitting evidence to GT Imports that it has engaged in transactions involving flavored e-cigarettes or related products in the City of New York in violation of the order. *Id.* ¶ 6. If the City supplies such evidence, GT Imports agrees to pay a penalty. *Id.* ¶ 7. In exchange, the City of New York has agreed to dismiss its claims against GT Imports. *Id.* ¶ 5. The City and GT Imports both agree to the terms of the proposed consent order and jointly request that it is entered by the Court.

    "The proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved,' in the event that the consent decree includes injunctive relief." *United States SEC v. Citigroup Global Mkts.*, 752 F.3d 285, 294 (2d Cir. 2014) (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)). "Whether a consent decree is fair and reasonable turns on (1) basic legality of the decree; whether the

terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 369 (S.D.N.Y. 2016).

Here, as this Court has held, the Corporation Counsel of the City of New York is authorized to enforce the PACT Act and the Public Health Law. *City of New York v. Enviromd Grp. LLC*, 2025 U.S. Dist. LEXIS 133942, *21-22, 32 (S.D.N.Y. July 14, 2025). The terms of the proposed consent order—as explained above—are detailed and specific. They ensure that the City can monitor GT Imports' compliance with the order by providing a mechanism pursuant to which the City can supply GT Imports with evidence of transactions in New York City, which GT Imports can dispute. By banning GT Imports from engaging in transactions involving flavored e-cigarettes in New York City, the proposed consent also reflects a resolution of the claims in the Second Amended Complaint, which alleges that GT Imports has violated the PACT Act and the New York Public Health Law by engaging in such transactions.

Finally, the public interest is served by the entry of the proposed consent order. As the City has alleged, GT Imports' sales of flavored e-cigarettes have contributed to a public health crisis in the City of New York. By entering this order, GT Imports will stop those sales. This is clearly in the public interest. Indeed, this Court and Judge Stanton have entered nearly identical consent orders as the order proposed here, evidencing that the orders serve the public interest. *See* ECF Nos. 154, 157; *City of New York v. Magellan Technology, Inc.*, 1:23-cv-05880-LLS (S.D.N.Y.), ECF Nos. 57, 66.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Elizabeth Slater*
Elizabeth Slater
Assistant Corporation Counsel


*/s/ Ishmael Green*
/s/ Ishmael Green
Counsel for Defendant GT Imports & Wholesale Inc.