USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 24-cv-05161-GHW-JW

------------------------------------------------------------------------------- x

THE CITY OF NEW YORK,

             Plaintiff,

  v.

ENVIROMD GROUP LLC; GT IMPORTS; KAYLA WHOLESALE, INC., d/b/a The Vapery; KLCC WHOLESALE INC.; PIONEER DISTRIBUTION, INC. a/k/a WEVAPEUSA.COM a/k/a SELLER SUPREME LLC; RZ SMOKE INC.; STAR ZONE INC.; GT IMPORTS DISTRIBUTORS; VAPE MORE INC. a/k/a MORE LLC; VAPE PLUS DISTRIBUTION CORP. a/k/a G&A DISTRIBUTION; DAVID ALFIH a/k/a David Alfieh, a/k/a DJ Alfani, and MARCUS BERNARD,

             Defendants.

------------------------------------------------------------------------------- x

**ORDER ON CONSENT**

  **WHEREAS**, on April 4, 2024, the City of New York (the "City") commenced an action against, among other defendants, GT Import & Wholesale Inc. ("GT Imports"), captioned *The City of New York v. EnviroMD Group LLC et al.*, Index No. 451009/2024 (Sup. Ct. NY. County) (the "Action"), which the defendants removed to the United States District Court for the Southern District of New York;

  **WHEREAS**, the Second Amended Complaint sets forth allegations by the City that GT Imports, among other defendants, has violated the Prevent All Cigarette Trafficking Act, 15 U.S.C. § 375, *et seq.*;

  **WHEREAS**, the Second Amended Complaint sets forth allegations by the City that GT Imports, among other defendants, has violated New York State Public Health Law § 1399-*ll* by shipping or causing to be shipped to persons unauthorized to receive "vapor products," as defined by that statute, intended or reasonably expected to be used with or for the consumption of nicotine;

**WHEREAS**, the Second Amended Complaint sets forth allegations by the City that GT Imports, among other defendants, has violated New York City Administrative Code ("Ad. Code") § 17-715(b)(1) by selling, offering to sell, or possessing with intent to sell or offer for sale, "flavored electronic cigarettes" or "flavored e-liquids" as those terms are defined by the Ad. Code;

**WHEREAS**, the Second Amended Complaint sets forth allegations by the City that GT Imports, among other defendants, is responsible, in part, for creating and continuing a common law public nuisance;

**WHEREAS,** GT Imports agrees to enter into this Order on Consent ("Consent Order") to provide the relief specified herein and to provide an assurance to the City of New York that GT Imports will not engage in any transaction in which there is delivered into the City of New York any flavored electronic cigarette, flavored e-liquid, flavored vapor product, or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product, or electronic nicotine delivery system using a characterizing flavor;

**WHEREAS,** the Parties recognize, and the Court by entering this Consent Order so finds, that this Consent Order has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Order is fair, reasonable, and in the public interest;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned Parties, as follows:

## DEFINITIONS

1. For purposes of this Assurance of Legal Compliance:

    a. *Electronic nicotine delivery system*. The term "electronic nicotine delivery system" (or "ENDS") shall have the meaning set forth in 15 U.S.C. § 375(7), except that the term shall exclude (i) aerosolizing apparatuses, devices, batteries, cartridges, pods, hardware, and the like that do not contain any e-liquid and (ii) products that contain a solution that is intended to be aerosolized but which solution does not contain any natural or synthetic nicotine.

    b. *E-cigarette*. The term "e-cigarette" shall have the meaning set forth in N.Y. Pub. Health L. § 1399-aa.

    c. *Vapor products*. The term "vapor products" shall have the meaning set forth in N.Y. Pub. Health L. § 1399-aa.

    d. *Characterizing flavor, flavored e-liquid, and flavored e-cigarette*. The terms "characterizing flavor," "flavored e-liquids" or "flavored e-cigarette" shall have the meaning set forth in N.Y.C. Ad. Code § 17-713.

    e. *Parties*. The term the "Parties" shall mean collectively the City of New York and GT Imports.

    f. *GT Imports*. The term "GT Imports" shall mean GT Import & Wholesale Inc.

    g. *Prohibited Product*. The term "Prohibited Product" shall mean any flavored electronic cigarette, flavored e-liquid, flavored vapor product, or flavored electronic nicotine delivery system or any electronic cigarette, e-liquid, vapor product, or electronic nicotine delivery system using a characterizing flavor. For the avoidance of doubt, for the purposes of this Consent Order, a product shall not be considered to be "flavored" or to have a characterizing flavor if the product is tobacco-flavored or unflavored.

    h. *Sales Documentation*. The term "Sales Documentation" shall mean purchase orders, sales invoices or similar documentation evidencing purchases, sales or other dispositions by GT Imports involving a Prohibited Product.

## COMMITMENTS BY GT IMPORTS

2. GT Imports shall not participate, directly or through an employee, agent, representative, or affiliate, in any transaction of any kind involving the sale, delivery, or other disposition of any Prohibited Product in or into the City of New York. For the avoidance of doubt, nothing in this Consent Order shall be construed to prohibit transactions between GT Imports and a counterparty wherein the counterparty has a presence (whether by way of, *e.g.*, an office or other facilities or employees) in the City of New York provided that the transaction shall not involve the sale, transfer, or other disposition of any Prohibited Product in or into the City of New York.

3. GT Imports shall not obtain any revenue for itself or for any other person, directly or through an employee, agent, representative, or affiliate, from any transaction of any kind that involves the sale, delivery or other disposition of any Prohibited Product in or into the City of New York. For the avoidance of doubt, nothing in this Consent Order shall be construed to prohibit obtaining revenue for itself or for any other person from any transactions between GT Imports and a counterparty wherein the counterparty has a presence (whether by way of, *e.g.*, an office or other facilities or employees) in the City of New York provided that the transaction shall not involve the sale, transfer, or other disposition of any Prohibited Product in or into the City of New York.

4. GT Imports shall not either directly or through an employee, agent, representative, or affiliate, participate in any transaction that GT Imports knows or reasonably should know is intended to transport or deliver into the City of New York any Prohibited

Product. For the avoidance of doubt, nothing in this Consent Order shall be construed to prohibit GT Imports from obtaining revenue from any transaction whereby any Prohibited Product is transported or shipped *through* the City of New York, but the ultimate destination is outside of the City of New York. For purposes of this paragraph 4 the evidentiary burden is on GT Imports to establish that a transaction is not a transport or delivery of a Prohibited Product into the City of New York and that the final destination is outside the City of New York.

5. GT Imports shall pay to the City an agreed-upon amount to be memorialized in a separate writing. Upon the City's receipt of this payment, the City fully and completely waives, releases, and forever discharges GT Imports and each of its parents, subsidiaries, predecessors, successors, assigns, owners, members, current and past directors, officers, managers, partners, agents, attorneys, administrators, executors, employees, and representatives (collectively, the "Defendant Released Persons"), from any and all claims, actions, causes of action, damages, attorney's fees, allegations, demands, and any and all claims of any kind or appeals of any kind, whether arising at law or in equity, which the City may have, may now have, or may hereafter have against any of them arising from or related to any state of facts concerning e-cigarettes, vapor products, or ENDS existing or arising up to the date of entry of this Consent Order, including the claims that the City has brought or could have brought in the Action. The City intends by this provision to forever remise, acquit, waive, release, and discharge the Defendant Released Persons of and from all potential claims and demands for injuries, losses, or damages, known or unknown, direct or indirect, arising from or related to the Action or claims that could have been brought in the Action.

6. GT Imports agrees that, by no later than ten (10) business days following receipt from the City of information identifying by name and address any entity or person located within the City of New York that the City can show more probably than not has engaged in a transaction with GT Imports involving a Prohibited Product as defined under this Consent Order, GT Imports will cease any sales, transfers, or other dispositions or offers to sell to such entity or person, and shall advise the City once such action has been taken.

7. In the event that the City of New York provides GT Imports with evidence that GT Imports more probably than not has engaged in a transaction that involved the sale, delivery, or disposition of any Prohibited Product to any entity located within the City of New York in violation of the terms of this Consent Order, GT Imports shall, upon demand by the City, pay to the City a penalty in the amount of $1,000.00 for each individual e-cigarette or e-liquid meeting the definition of a Prohibited Product.

8. GT Imports expressly agrees and acknowledges that the City of New York may initiate a subsequent investigation, civil action, or proceeding to enforce this Consent Order and agrees and acknowledges that in such event:

   a. any statute of limitations or other time-related defenses shall be tolled from and after the effective date of this Consent Order;

   b. the City of New York may use statements, documents, or other materials produced or provided by GT Imports prior to or after the effective date of this Consent Order;

   c. any civil action or proceeding must be adjudicated by the courts of the State of New York, and GT Imports irrevocably and unconditionally waives any objection based upon personal jurisdiction, inconvenient forum, or venue; and

   d. if a court of competent jurisdiction determines that GT Imports has violated the Consent Order, GT Imports shall pay to the City of New York the reasonable cost, if any, of obtaining such determination and of enforcing this Consent Order, including without limitation attorney's fees, expenses, and court costs.

9. All terms and conditions of this Consent Order shall continue in full force and effect on any successor, assignee, or transferee of GT Imports. GT Imports shall include in any such successor, assignment, or transfer agreement a provision that binds the successor, assignee or transferee to the terms of the Consent Order. No party may assign, delegate, or otherwise transfer any of its rights or obligations under this Consent Order without the prior written consent of the City of New York.

10. Any failure by the City of New York to insist upon the strict performance by GT Imports of any of the provisions of this Assurance shall not be deemed a waiver of any of the provisions hereof, and the City of New York, notwithstanding that failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Consent Order to be performed by GT Imports.

11. Unless a term limit for compliance is otherwise specified within this Consent Order, GT Imports's obligations under this Consent Order are enduring. Nothing in this Consent Order shall relieve GT Imports of other obligations imposed by any applicable local, state, or federal law or regulation or other applicable law.

12. Notwithstanding anything in paragraph 11 of this Consent Order, in the event of any material change in the terms of New York City Ad. Code § 17-715(b)(1) the City agrees to conform the terms of this Consent Order to the terms of that material change.

13. Nothing contained herein shall be construed to limit the remedies available to the City of New York in the event that GT Imports violates the Consent Order after its effective date.

14. This Consent Order shall not grant any rights or privileges to any person or entity who is not a party to this agreement, nor shall this Consent Order affect or limit in any way the rights of any such third party.

15. In the event that any one or more of the provisions contained in this Consent Order shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, in the sole discretion of the City of New York, such invalidity, illegality, or unenforceability shall not affect any other provision of this Consent Order.

16. This Consent Order shall be governed by the laws of the State of New York without regard to any conflict of laws principles.

17. The Consent Order and all its terms shall be construed as if mutually drafted with no presumption of any type against any party that may be found to have been the drafter.

Dated: February 23, 2026
New York, New York

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
  City of New York
*Attorney for Plaintiff*
100 Church Street, Rm. 3-211
New York, New York 10007
(212) 356-2032

By:    */s/ Elizabeth Slater*
Eric Proshansky
Aatif Iqbal
Alexandra Jung
Elizabeth Slater
Assistant Corporation Counsels

**BOCHNER PLLC**

By: */s/ Ishmael Green*
Ishmael Green, Esq.
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
Phone: 646-971-0685
ishmael@bochner.law

*Counsel for Defendants GT Import & Wholesale Inc.*

**THE FOREGOING CONSENT ORDER BETWEEN THE CITY OF NEW YORK AND GT IMPORT & WHOLESALE INC. DATED FEBRUARY 23, 2026 IS HEREBY APPROVED. IT IS SO ORDERED.**

Dated: February 27, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge