1



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**

**STEVEN BANKS**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2032
eproshan@law.nyc.gov

April 9, 2026

The Honorable Gregory H. Woods
United States District Court
  Southern District of New York
500 Pearl St.
New York, NY 10007

　　Re: *City of New York v. EnviroMD Group LLC, et al.*, No. 1:24-cv-05161-GHW-JW (S.D.N.Y.)

Dear Judge Woods:

　　This office represents plaintiff the City of New York (the "City"). The City respectfully requests that the Court schedule a premotion conference to address a proposed motion for summary judgment by the City against defendant RZ Smoke, Inc. ("RZ Smoke"), which has filed a jury demand.

　　The City's Second Amended Complaint ("SAC") seeks injunctive and other equitable relief, damages, and statutory penalties arising out of the distribution and sale of flavored electronic nicotine delivery devices, also known as "e-cigarettes" or "vapes." *Dkt. No.* 61.  As to RZ Smoke, the SAC alleges violations of (i) N.Y.C. Ad. Code § 17-715, *Dkt. No.* 61 ¶¶ 104-106, which prohibits sales or offers to sell flavored e-cigarettes in the City; (ii) N.Y. Pub. Hlth. L. § 1399-*ll* (1-a), *Dkt. No.* 61 ¶ 110, which prohibits the delivery of e-cigarettes to any person other than licensed vapor product dealers; and (iii) the PACT Act, *Dkt. No.* 61 ¶¶ 107-109, which requires sellers of e-cigarettes in non-face-to-face consumer transactions to comply with all laws applicable to e-cigarette sales in the jurisdiction into which the e-cigarettes are delivered.  The City will establish through undisputed facts that RZ Smoke has violated each of these statutes.

　　**N.Y.C. Ad. Code § 17-715 –** N.Y.C. Admin. Code § 17-715, "Sale of flavored tobacco products, flavored electronic cigarettes and flavored e-liquid prohibited" provides:

> **b**. 1. It shall be unlawful for any person to sell or offer for sale, or to
> possess with intent to sell or offer for sale, any flavored electronic cigarette
> or flavored e-liquid.

2

The City will establish through undisputed facts that RZ Smoke violates N.Y.C. Ad. Code § 17-715 by selling or offering for sale flavored e-cigarettes. RZ Smoke has produced business records dated from January 2021 to December 2024 reporting gross sales revenue of $25,315,889.01 from sales of flavored e-cigarettes to 87 entities with addresses in New York City, summarized in a spreadsheet entitled by RZ Smoke "RZNYC-orders-from-01-01-2021-to-12-11-24EeliquidsFlavoredDisposablesOnly." That title is itself an indication that the sales are all of flavored e-cigarettes, but the thousands of invoices compiled in the spreadsheet, and also produced to the City, each show the sale of flavored e-cigarettes or e-liquids to addressees in the City:



RZ Smoke has provided a signed declaration authenticating the sales records and invoices. In addition, RZ Smoke does not dispute that it maintains a website, rzsmoke.com, that is accessible to residents of the City. The website offers flavored e-cigarettes for sale, establishing that RZ Smoke "offers for sale" flavored e-cigarettes in the City. RZ Smoke's customers purchase e-cigarettes from that website, further evidence that RZ Smoke sells e-cigarettes into the City.

Accordingly, the City would be entitled to summary judgment on its claim that RZ Smoke violates N.Y.C. Admin. Code § 17-715 by selling and offering for sale flavored e-cigarettes in the City.

**Pub. Hlth. L. § 1399-*ll* (I-a)** – Pub. Hlth. L. § 1399-*ll* (I-a) makes unlawful the shipment of ship nicotine-containing vapor products by any person selling vapor products to anyone not licensed as a vapor products dealer. A vapor products dealer is defined as an entity that appears on a list maintained by the N.Y. Dept. of Taxation and Finance ("DTF Vape Licensee List"). RZ Smoke has violated that law by delivering e-cigarettes to persons whose names do not appear on the DTF Vape Licensee List. Comparing the publicly available DTF Vape Licensee List with the names and addresses on RZ Smoke's customer list obtained in discovery reveals that approximately 50% of RZ Smoke's customers were unlicensed, evidenced by their absence from the DTF Vape Licensee List. RZ Smoke's e-cigarette deliveries to unlicensed customers violated Pub. Hlth. L. § 1399-*ll* (I-a). The City will thus establish through undisputed facts that RZ Smoke violates the Public Health Law.

**PACT Act** – The City will prove through undisputed facts that RZ Smoke violates the PACT Act, 15 U.S.C. § 375 *et seq.*, by the preceding violations of State and City laws applicable to the sale

3

of e-cigarettes. The PACT Act regulates "delivery sales," defined as non-face-to-face sales of e-cigarettes to consumers. A "consumer" is any purchaser of e-cigarettes except a "lawfully operating" tobacco business. 15 U.S.C. § 375 (4). This Court has already ruled that City tobacco businesses that purchase flavored e-cigarettes for subsequent sale are not "lawfully operating" and are therefore PACT Act consumers. *City of N.Y. v. Enviromd Grp. LLC*, 2025 U.S. Dist. LEXIS 133942, at *27-29 (S.D.N.Y. July 14, 2025)("Star Vape was not lawfully operating because it possessed 'thousands of flavored e-cigarettes' and sold them at its convenience store."). RZ Smoke has admitted in its declaration that its customers ordered e-cigarettes over the Internet. The orders were delivered to the customers, not received by the customers in-person at RZ Smoke, as shown by the standard invoices stating "Free Local Delivery." As consumer transactions that were remotely ordered and remotely delivered, RZ Smoke's sales were all delivery sales. 15 U.S.C. § 375(5).

The PACT Act requires delivery sales to comply with every law applicable to e-cigarette sales in the jurisdiction into which the delivery is made. 15 U.S.C. § 376a(a)(3). As described above, RZ Smoke's delivery sales violate, at least, N.Y.C. Admin. Code § 17-715 and Pub. Hlth. L. § 1399-*ll* (I-a). RZ Smoke's sales also violate the Family Smoking Prevention and Tobacco Control Act, Pub. L. No. 111-31, 123 Stat. 1776 (2009), *codified at* 21 U.S.C. § 387 *et seq.* (the "Tobacco Control Act"), which requires FDA approval of e-cigarettes placed on the market in the United States. 21 U.S.C. § 387j(a)(2). No flavored nicotine product, (except tobacco or menthol flavored) has received FDA approval. *See* https://www.fda.gov/tobacco-products/premarket-tobacco-product-applications/premarket-tobacco-product-marketing-granted-orders. Every one of RZ Smoke's delivery sales, of every single brand of flavored e-cigarette or e-liquid shown in RZ Smoke's sales records, is illegal everywhere in the United States under the Tobacco Control Act. The violations of the Tobacco Control Act – a law applicable to e-cigarette sales in the City – serve as predicate violations of 15 U.S.C. § 376a(a)(3). Accordingly, the City would be entitled to summary judgment on its claim that RZ Smoke violates the PACT Act by delivery sales of e-cigarettes that do not comply with N.Y.C. Admin. Code § 17-715, Pub. Hlth. L. § 1399-*ll* (I-a) and the Tobacco Control Act.

**Penalties** – The PACT Act, 15 U.S.C. § 377, and Pub. Hlth. L. § 1399-*ll* (5) each provide for penalties "per violation." Discovery materials provided by RZ Smoke allow the calculation of a specific sum to be imposed for violations of those statutes, as informed by the traditional discretionary factors applicable to penalty determinations. *See New York v. UPS*, 942 F.3d 554, 602 (2d Cir. 2019); *City of N.Y. v. Milhelm Attea & Bros.*, 2012 U.S. Dist. LEXIS 116533 at *78 (E.D.N.Y. Aug. 17, 2012).

For the above reasons, the City respectfully requests that the Court schedule a premotion conference to address the City's proposed motion for summary judgment.

Thank you for your attention to this matter.

Respectfully submitted,

Eric Proshansky
Assistant Corporation Counsel