UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

THE CITY OF NEW YORK,

                          Plaintiff,

          v.

ENVIROMD GROUP LLC; GT IMPORTS;
KAYLA WHOLESALE, INC., d/b/a The Vapery;
KLCC WHOLESALE INC.; PIONEER DISTRIBUTION, INC.      1:24-cv-5161-GHW-JW
a/k/a WEVAPEUSA.COM a/k/a SELLER SUPREME LLC;
RZ SMOKE INC.; STAR ZONE INC.;
URBAN SMOKE DISTRIBUTORS;
VAPE MORE INC. a/k/a MORE LLC; VAPE PLUS
DISTRIBUTION CORP. a/k/a G&A DISTRIBUTION;
DAVID ALFIH a/k/a David Alfieh, a/k/a DJ Alfani; and
MARCUS BERNARD,

                        Defendants.

————————————————————————x

# REPLY MEMORANDUM OF LAW OF PLAINTIFF
# THE CITY OF NEW YORK IN FURTHER SUPPORT
# OF SUMMARY JUDGMENT AGAINST RZ SMOKE INC.

**STEVEN BANKS**
Corporation Counsel of the
 City of New York
*Attorney for Plaintiff The City of New York*
100 Church Street, Room 311
New York, New York 10007
(212) 356-2032

**Table of Contents**

Introduction ..................................................................................................................... 1

Argument ......................................................................................................................... 2

      I.      Summary Judgment Does Not Violate RZ's Right To A Jury Trial ........................ 2

      II.     The Facts in the City's Rule 56.1 Statement Are Deemed Admitted ..................... 3

      III.    RZ 's Arguments Regarding PHL 1399-*ll* (1-a) Are Meritless .............................. 4

      IV.    The City Does Not Need "Transaction-Specific Proof" .......................................... 5

      V.     RZ's Violations of Ad. Code § 17-715 Are Undisputed ........................................ 6

      VI.    The City Has Proven Entitlement To Summary Judgment under the PACT Act .... 7

              A.     There Can Be No Dispute that RZ Engaged in Delivery Sales .................. 8

              B.     RZ's Violations of Federal, State, and Local Law Are
                       Predicate Violations Of the PACT Act ..................................................... 10

      VII.   RZ's *Mens Rea* Argument Fails ............................................................................. 12

      VIII.  RZ's Miscellaneous Arguments Do Not Affect Entry of Summary Judgment ..... 12

      IX.    Penalty Arguments Should be Decided at a Later Stage ........................................ 13

Conclusion ..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*Alpern v. UtiliCorp United*,
 84 F.3d 1525 (1996) (Securities Act of 1933**)** ...........................................................................3

*California v. Ejuicesteals.Com*,
 2026 LX 130872 (E.D. Cal. Apr. 15, 2026) ...............................................................................3

*CFTC v. Alexandre*,
 2026 U.S. Dist. LEXIS 147476 (S.D.N.Y. July 2, 2026) ...........................................................2

*City of N.Y. v. Artisan Vapor Franchise LLC*,
 2020 U.S. Dist. LEXIS 205315 (E.D.N.Y. Nov. 2, 2020)...........................................................7

*City of N.Y. v. Enviromd Grp. LLC*,
 No. 1:24-cv-5161-GHW, 2025 U.S. Dist. LEXIS 133942
 (S.D.N.Y. Jul. 14, 2025) .....................................................................1, 2, 4, 6, 9, 11

*City of N.Y. v. Magellan Tech.*,
 2024 U.S. Dist. LEXIS 93339 (S.D.N.Y. May 24, 2024), *reconsid. den.,* 2024
 U.S. Dist. LEXIS 231932 (S.D.N.Y. Dec. 20, 2024) ..............................................................1, 9

*CVS Pharmacy, Inc. v. Press Am., Inc.*,
 377 F. Supp. 3d 359 (S.D.N.Y. 2019)........................................................................................4

*De Johnson v. Holder*,
 564 F.3d 95 (2d Cir. 2009)........................................................................................................10

*Delville v. Firmenich Inc.*,
 23 F. Supp. 3d 414 (S.D.N.Y. 2014)...........................................................................................1

*DiLaura v. Power Auth. of N.Y.*,
 982 F.2d 73 (2d Cir. 1992).......................................................................................................10

*District of Columbia v. John R. Thompson Co.*,
 346 U.S. 100 (1953)..................................................................................................................13

*Freedom Holdings, Inc. v. Spitzer*,
 357 F.3d 205 (2d Cir. 2004).......................................................................................................7

*Healy v. Beer Institute*,
 491 U.S. 324 (1989)....................................................................................................................7

*Kennedy v. Josephthal & Co.*,
 814 F.2d 798 (1987)....................................................................................................................3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)...................................................................................................9

*Michael v. GM LLC*,
   790 F. App'x 275 (2d Cir. 2019) ..............................................................................2

*N.Y. Pet Welfare Ass'n v. City of N.Y.*,
   850 F.3d 79 (2d Cir. 2017)........................................................................................7

*Nat'l Elec. Mfrs. Ass'n v. Sorrell*,
   272 F.3d 104 (2d Cir. 2001).....................................................................................7

*Nat'l Shooting Sports Found., Inc. v. James*,
   144 F.4th 98 (2d Cir. 2025) ......................................................................................7

*New York v. Mt. Tobacco Co.*,
   942 F.3d 536 (2d Cir. 2019)......................................................................................3

*New York v. United Parcel Serv., Inc.*,
   942 F.3d 554 (2d Cir. 2019)..................................................................................2, 6

*NLRB v. Thalbo Corp.*,
   171 F.3d 102 (2d Cir. 1999)......................................................................................8

*People v. World Interactive Gaming Corp.*,
   185 Misc. 2d 852 (Sup. Ct. N.Y. Co.1999) .............................................................7

*Rezzonico v. H & R Block, Inc.*,
   182 F.3d 144 (2d Cir. 1999)....................................................................................10

*SEC v. Jarkesy*,
   603 U.S. 109 (2024)...............................................................................................2, 3

*SEC v. Navellier & Assocs.*,
   108 F.4th 19 (2024)...................................................................................................3

*Smoot Invs. Inc. v. Spotible, Inc.*,
   2026 LX 395771 (S.D.N.Y. June 28, 2026) (Woods, J.).......................................3-4

*Tull v. United States*,
   481 U.S. 412 (1987)...............................................................................................2, 3

*Twenty-Nine Palms Band of Mission Indians v. Blanche*,
   174 F.4th 1190 (9th Cir. 2026) .................................................................................3

*United States v. Baker*,
   63 F.3d 1478 (9th Cir. 1995) ..................................................................................12

*United States v. Bobby Wolford Trucking & Salvage, Inc.*,
 2019 U.S. Dist. LEXIS 191471 (2019)......................................................................................3

*United States v. Elshenawy*,
 801 F.2d 856 (6th Cir. 1986) ................................................................................................12

*United States v. Mathurin*,
 148 F.3d 68 (2d Cir. 1998).....................................................................................................8

*United States v. Morrison*,
 686 F.3d 94 (2d Cir. 2012)...............................................................................................12, 13

*United States v. Nguyen*,
 758 F.3d 1024 (8th Cir. 2014) ..............................................................................................12

*United States v. W. T. Grant Co.*,
 345 U.S. 629 .........................................................................................................................14

*Vizio, Inc. v. Klee*,
 886 F.3d 249 (2d Cir. 2018)....................................................................................................7

## Statutes

24 R.C.N.Y. § 28-02(b) ...............................................................................................................6

15 U.S.C. § 375(4) .......................................................................................................................8

15 U.S.C. § 375 (5) ......................................................................................................................8

15 U.S.C. § 375(5)(A)...................................................................................................................8

15 U.S.C. § 375(5)(B)...................................................................................................................8

15 U.S.C. § 376a .........................................................................................................................10

15 U.S.C. § 376a(a)(3) ......................................................................................................8, 10, 11

18 U.S.C. § 1961.........................................................................................................................12

18 U.S.C. § 1964 (c) .....................................................................................................................1

Fed. R. Civ. P. 56.................................................................................................................1, 2, 3

N.Y.C. Admin. Code § 17-715................................................................................6, 7, 10, 11, 12

N.Y.C. Admin. Code § 17-715(b)(1)........................................................................................2, 6

N.Y. PHL § 1399-*ll*(1-a).................................................................................2, 4, 5, 10, 11, 12

## <u>**Other Authorities**</u>

Family Smoking Prevention and Tobacco Control Act, 111 Pub. Law. 31, 123
    Stat. 1776 ................................................................................................................................11

Consolidated Appropriations Act, 2021, Pub. L. No. 116–260, 134 Stat. 1182,
    3136 (Dec. 27, 2020) .............................................................................................................11

Plaintiff the City of New York (the "City") submits this Reply in further support of its Motion for Summary Judgment against defendant RZ Smoke Inc. ("RZ").

## **INTRODUCTION**

RZ relies principally on statutory interpretation arguments found unavailing in this Court's meticulous analysis denying Defendants' motions to dismiss. *City of N.Y. v. Enviromd Grp. LLC*, No. 1:24-cv-5161-GHW, 2025 U.S. Dist. LEXIS 133942, at *13 (S.D.N.Y. Jul. 14, 2025). RZ's opposition is a *fourth* iteration of arguments consistently rejected. *City of N.Y. v. Magellan Tech.*, 735 F. Supp. 3d 312, ,323-24 (S.D.N.Y. 2024), *reconsid. den.,* 2024 U.S. Dist. LEXIS 231932 (S.D.N.Y. Dec. 20, 2024). RZ Smoke has offered no cogent or compelling reason for this Court to depart from its prior rulings.

Moreover, RZ has not submitted a counterstatement of material facts, rendering all of the City's facts admitted.  This, coupled with RZ's affirmative admissions that it "*has ceased* shipping flavored ENDS products into New York City" and "*is no longer* conducting delivery sales or shipping any products covered by the PACT Act  … into New York City," Rasool Aff., *ECF No*. 214-5 ¶¶ 13-14, warrants granting summary judgment for the City on its claims.

RZ's Seventh Amendment argument fails: RZ has not shown Rule 56 to operate any differently in cases involving penalties than in any other case; where there is an absence of factual disputes, there is no purpose to a jury trial. Numerous cases decided under the very statutes RZ cites as "requiring" a jury were decided by summary judgment, including numerous PACT Act cases.

RZ contends that the Family Smoking Prevention and Tobacco Control Act ("TCA"), New York Public Health Law ("PHL") § 1399-*ll*(1-a), and New York City Administrative Code ("Ad. Code") § 17-715(b)(1) are not predicates for a PACT Act violation because those statutes do not concern excise taxes, receipt of cigarettes by minors or links to terrorism or organized crime. The

PACT Act's purpose is broader: Congress wanted to "require Internet and other remote sellers of cigarettes … to comply with the same laws that apply to law-abiding tobacco retailers." *Enviromd*, 2025 U.S. Dist. LEXIS 133942, at *13 (quoting *New York v. United Parcel Serv., Inc.*, 942 F.3d 554, 565 (2d Cir. 2019)). Thus, failure to comply with the aforementioned laws is indeed a PACT Act violation.

**ARGUMENT**

## I.   SUMMARY JUDGMENT DOES NOT VIOLATE RZ'S RIGHT TO A JURY TRIAL

Under Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Nonetheless, RZ contends that summary judgment does not apply here because "the Seventh Amendment requires a jury trial regarding … liability" in all "actions by the Government to recover civil penalties under statutory provisions." RZ Smoke's Mem. of Law in Opp. to Pl.'s Mot. for Summ. J. ("*Opp.*") at 8, ECF No. 214. The argument is baseless: "Summary judgment does not violate the Seventh Amendment where, as here, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Michael v. GM LLC*, 790 F. App'x 275, 276 (2d Cir. 2019); *CFTC v. Alexandre*, 2026 U.S. Dist. LEXIS 147476, *17 (S.D.N.Y. July 2, 2026).

It is axiomatic that judges decide questions of law, and juries decide questions of fact. Absent disputed facts requiring a jury decision, summary judgment does not implicate the Seventh Amendment. *Tull v. United States*, 481 U.S. 412 (1987), and *SEC v. Jarkesy*, 603 U.S. 109 (2024), do not suggest otherwise; neither case addressed summary judgment. In *Tull*, the "Government

2

concede[d] that triable issues of fact were presented by disputes between experts." *Id.* at 415.[1] That fact is dispositive here, where, as established below, no disputed facts require a jury's decision. Courts routinely grant summary judgment in federal penalty actions under the very statutes addressed in *Tull* and *Jarkesy*,[2] *and* under the PACT Act. *See New York v. Mt. Tobacco Co.*, 942 F.3d 536, 547 (2d Cir. 2019); *Twenty-Nine Palms Band of Mission Indians v. Blanche*, 174 F.4th 1190, 1201 (9th Cir. 2026); *California v. Ejuicesteals.Com*, *California v. Ejuicesteals.Com*, 2026 U.S. Dist. LEXIS 82962, at *36 (E.D. Cal. Apr. 15, 2026).

## II.     THE FACTS IN THE CITY'S RULE 56.1 STATEMENT ARE DEEMED ADMITTED

RZ's inapt observation that "[w]here the parties' Rule 56.1 statements reveal factual disputes, … summary judgment is inappropriate," *Opp.* 10-11, concedes that RZ's choice to forego filing a counterstatement strengthens the case for summary judgment here. Local Civil Rule 56.1(b) requires that opposition to summary judgment "include a … numbered paragraph responding to each numbered paragraph in the statement [of facts] of the moving party." Absent that counterstatement by the non-moving party, "[e]ach numbered paragraph in the [movant's] statement of material facts" "will be deemed to be admitted for purposes of the motion." *Local Civ. R.* 56.1(c). Accordingly, all facts in the City's Rule 56.1 Statement supported by record citations are deemed admitted. *See Smoot Invs. Inc. v. Spotible, Inc.*, 2026 U.S. Dist. LEXIS 144104, at *10 (S.D.N.Y. June 28, 2026) (Woods, J.) ("A non-response to a motion for summary

---

[1] *Jarkesy* is irrelevant; it simply held that SEC fraud claims could not be tried by an administrative law judge.

[2] *See, e.g.*, *United States v. Bobby Wolford Trucking & Salvage, Inc.*, 2019 U.S. Dist. LEXIS 191471 (2019) (Clean Water Act): *Alpern v. UtiliCorp United*, 84 F.3d 1525 (1996) (Securities Act of 1933**);** *Kennedy v. Josephthal & Co.*, 814 F.2d 798 (1987) (Securities Exchange Act of 1934); *SEC v. Navellier & Assocs.*, 108 F.4th 19 (2024) (Investment Advisors Act).

judgment] runs the risk of unresponded-to statements of undisputed facts proffered by the movant being deemed admitted." (cleaned up)); *CVS Pharmacy, Inc. v. Press Am., Inc.,* 377 F. Supp. 3d 359, 386 n.11 (S.D.N.Y. 2019) ("By choosing not to present evidence controverting its adversary's statement of fact, CVS has admitted it.").

### III.    RZ 'S ARGUMENTS REGARDING PHL 1399-*ll* (1-a) ARE MERITLESS

Undisputed evidence shows that RZ violated PHL § 1399-*ll*(1-a) by "ship[ping] or caus[ing] to be shipped" flavored e-cigarettes to 66 named businesses absent from the "list of licensed or registered agents or vapor products dealers published by the department of taxation and finance." PHL § 1399-*ll* (1-a); City's Mem. of Law in Supp. of Mot. for Summ. J. ("*Mem.*") 9-10, ECF No. 204; City's R. 56.1 Statement ("*R.56.1*") ¶ 53, ECF No. 205. Instead of disputing that fact with by presenting customers' certificates of registration, RZ argues that there is no showing that RZ's wholesaler customers were "*required to be on*" the list. *Opp.* 11–12.[3]

First, this argument was rejected by this Court in *Enviromd*, 2025 U.S. Dist. LEXIS 133942, *36, which, after reviewing the State guidance relied on by RZ here concluded Defendants "misconstrue[d]" the guidance and that "even under the guidance, a wholesaler is still required to register pursuant to Tax Law Article 28-C" if it "intends to sell vapor products in this state." *Id.* *36-37 (cleaned up). Law of the case forecloses this issue.

Second, whether RZ's customers are *required* to register under Tax Law Article 28-C is irrelevant to whether RZ has violated PHL § 1399-*ll*(1-a), which restricts e-cigarette deliveries *solely* to "three statutorily defined categories of authorized recipients," *id.* at *36, with the only relevant category being those who have " a certificate of registration as a vapor products dealer

---

[3] RZ offers nothing such as a customer declaration that customers were wholesalers or distributors, that never made retail sales.

under article twenty-eight-C of the tax law." PHL § 1399-ll(*1-a*). If a customer is not listed or registered—regardless of whether that customer is *required* to be listed or registered—an e-cigarette delivery to that customer violates PHL § 1399-ll(*1-a*). RZ also argues that, although DTF confirmed that none of the identified customers was a registered vapor product dealer, it "cannot determine whether any records maintained by the Department would be responsive to any reference in the Public Health Law," *Opp.* 13. But that legal determination is not DTF's to make, it is for the Court, based on the list of registered dealers. DTF confirmed that certain RZ customers identified by the City had no vapor product dealer certificates, *R.56.1* ¶¶ 49–53, nor were present on the published DTF list, *id*. ¶ 52. That is sufficient to hold as a matter of law that RZ violated PHL § 1399-*ll* (1-a). *Mem.* 9.

Simply stated, RZ could have presented its customers' registrations. It did not because they do not exist. Accordingly, there is no dispute that RZ sold flavored e-cigarettes in violation of PHL § 1399-*ll* (1-a).

## IV.    THE CITY DOES NOT NEED "TRANSACTION-SPECIFIC PROOF"

After admitting that RZ employees or contractors used "a Company-owned vehicle, typically a van" to "deliver the products directly to customers located in New York City," and that RZ's business records show "completed sales by RZ of flavored disposable e-cigarettes to customers in New York City," *R. 56.1 St*. ¶¶ 27–28, RZ nonetheless argues the admissions are insufficient proof of violations because the City must "show which specific transactions were completed within NYC" via "transaction-specific proof" (*Opp.* 14–15, 17–18, 27–28). RZ offers no support for that contention.

The City has moved for summary judgment on liability alone (*Mem*. 20-21). At this juncture, the City's evidence is enough to show violations of the PHL, the Ad. Code, and the PACT Act. *Mem*. 8-16. *How many* particular sales violate each statute is a matter for the damages hearing

5

sought if summary judgment is granted. *See New York v. UPS*, 942 F.3d 554, 591 (2d Cir. 2019) (no abuse of discretion to allow plaintiffs to present damages case based on post-trial calculations).

## V.    RZ'S VIOLATIONS OF AD. CODE § 17-715 ARE UNDISPUTED

Ad. Code § 17-715(b)(1) provides that "[i]t shall be unlawful for any person to sell or offer for sale, or to possess with intent to sell or offer for sale, any flavored electronic cigarette or flavored e-liquid." There is no dispute that RZ sold and offered to sell flavored e-cigarettes to New York City customers. *See Mem.* 10; *R.56.1* ¶¶ 28-35.

RZ raises no factual disputes but argues by means of imagined statutory language that "Section 17-715 applies only to sales *occurring in the City*," and that "the City must show that the challenged transactions *were consummated there*." *Opp.* 14 (emphasis added). RZ cites neither statutory language nor caselaw restricting Ad. Code § 17-715's reach to sales "occurring" or "consummated" in the City. It is sufficient for RZ to have sold those flavored e-cigarettes to New York City customers. The City need not, as RZ contends, identify "which transactions were pickups versus deliveries," *id*. at 14, because there is no requirement that the sales occur in the City.

RZ next contends that the repealed City rule purportedly allowing *in-City* wholesalers to sell e-cigarettes outside the City somehow immunizes RZ. *Opp.* 14-15 (citing 24 R.C.N.Y. § 28-02(b)). But 24 R.C.N.Y. § 28-02(b) has no effect on liability under Section 17-715 "because the rule was never valid." *Enviromd*, 2025 U.S. Dist. LEXIS 133942, *40. RZ provides no reason for the Court to reverse its earlier ruling, and still worse, RZ fails to explain the Rule's relevance here, where RZ is located *outside* the City and is liable for sales *into* the City.

Finally, RZ makes the conclusory argument that Ad. Code § 17-715 violates the dormant commerce clause. *Opp.* 22. But RZ's sales from Nassau County into the City are surely not "interstate commerce." Ad. Code § 17-715 also applies equally to in-state and out-of-state sellers. *See N.Y. Pet Welfare Ass'n v. City of N.Y.*, 850 F.3d 79, 91 (2d Cir. 2017) ("the measure of

6

extraterritoriality" is whether a law "inescapably requires" out-of-state companies "to operate on the City's terms even when doing business elsewhere"). Nor is the City is somehow engaged in "extraterritorial regulation" by penalizing a wholesaler located outside City borders for violating the Ad.Code's flavor ban. *Opp.* 22. All of RZ's sales at issue were made *into the City*. The City did not "control the terms of out-of-state transactions," *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 221 (2d Cir. 2004), or "require[e] out-of-state commerce to be conducted at the [City's] direction," *Vizio, Inc. v. Klee*, 886 F.3d 249, 255 (2d Cir. 2018). [4]

There is nothing more at issue here than the black letter law that holds an entity subject to personal jurisdiction in a particular forum liable for violating forum laws. *See Nat'l Shooting Sports Found., Inc. v. James,* 144 F.4th 98, 116 (2d Cir. 2025), *People v. World Interactive Gaming Corp.*, 185 Misc. 2d 852, 860 (Sup. Ct. N.Y. Co.1999) ("A computer server cannot be permitted to function as a shield against liability, [] where respondents actively targeted New York as the location where they conducted many of their allegedly illegal activities."); *City of N.Y. v. Artisan Vapor Franchise LLC*, 2020 U.S. Dist. LEXIS 205315 (E.D.N.Y. Nov. 2, 2020).

## VI.  THE CITY HAS PROVEN ENTITLEMENT TO SUMMARY JUDGMENT UNDER THE PACT ACT

RZ never disputes its internet sales of flavored e-cigarettes or deliveries of flavored vapes to City customers, nor can it dispute factually its customers' violation of Ad. Code § 17-715 and the TCA. Accordingly, there can be no dispute that RZ made "delivery sales" that did not comply with "State, local, … and other laws generally applicable to sales of cigarettes." 15 U.S.C.

---

[4] RZ's citation to *Healy v. Beer Institute*, 491 U.S. 324 (1989), is inapposite because that case involved efforts by a state to control the prices at which out-of-state shippers sold beer and, therefore, affected commercial activity occurring wholly outside of the state.

§ 376a(a)(3). The City's uncontested facts suffice for the Court's entry of summary judgment on liability under the PACT Act.

### A.    There Can Be No Dispute that RZ Engaged in Delivery Sales

A "delivery sale" is "any sale of cigarettes … to a consumer" submitted remotely, 15 U.S.C. § 375(5)(A), or delivered by "remote delivery," *id.* § 375(5)(B). A "consumer" is "any person that purchases cigarettes or smokeless tobacco," except "any person lawfully operating as a" tobacco business. 15 U.S.C. § 375(4). RZ's admission that it "*is no longer* conducting delivery sales … into New York City," ECF No. 214-5, ¶¶ 13-14 (emphasis added) is an admission that RZ made delivery sales formerly. RZ admits that customers primarily ordered e-cigarettes through RZ's website, and RZ made deliveries of flavored e-cigarettes into the City. *R.56.1* ¶ 24.

RZ's attempt to escape these admissions by rewriting the definition of a delivery sale to require *both* a remote order *and* remote delivery, *Opp.* 17, fails because the statutory language is quite obviously *disjunctive*—defining a delivery sale as *either* an order placed outside the seller's presence *or* a delivery made outside of the seller's presence. *See* 15 U.S.C. § 375 (5). Targeting "remote" transactions is a means of triggering the PACT Act's age verification requirement—a goal that does not require *both* a remote purchase *and* a remote delivery because the need for age verification arises with *either* a remote order or remote delivery.

RZ argues next that "NYC has not provided any evidence of orders that were actually delivered by RZ into New York City." *Opp.* 17. But RZ admits—either directly or by failing to provide a counterstatement—that:

- "orders were placed in a Company-owned vehicle, typically a van [and] an RZ employee or contractor would deliver the products directly to customers located in New York City," *R. 56.1 St.* ¶ 27;

8

- RZ business records show "completed sales by RZ of flavored disposable e-cigarettes to customers in New York City," *id.* ¶ 28;

- invoices produced to the City document completed sales of vapor products to customers in New York City, with "Shipping Method: Free Local Delivery" printed on each invoice, *id.* ¶¶ 36, 39;

- "[a]ll sales [to certain named customers] were delivered to the customer by RZ or its agents." *Id.* ¶ 40 (emphasis added); and

- RZ "*is no longer* conducting delivery sales or shipping any products covered by the PACT Act into New York City," *ECF No*. 214-5 ¶¶ 13-14 (emphasis added).

RZ's admissions of remote deliveries make unnecessary the bills of lading showing "each instance" of remote delivery or receipt that RZ argues summary judgment requires. *Opp.* 17. If RZ wants to repudiate its admitted delivery sales, it "must come forward with 'specific facts showing that there is a *genuine issue for trial*,'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), an impossibility without a counterstatement of facts.

Like the prior failed attempt to narrow the definition of "consumer," RZ contends "lawfully operating" means only compliance with "laws . . . involving cigarette excise taxation, licensing, cigarette stamping or sales-to-minors requirements." *Opp.* 20. Two courts have already held that "lawfully operating" means operating in compliance with the law. *See Enviromd*, 2025 U.S. Dist. LEXIS 133942, at *25 ("The textual reading of 'lawfully operating,' … , leads to a commonsense result: if … its ongoing operations violate the law, then that purchaser would not be 'lawfully operating'"); *accord Magellan*, 735 F. Supp. 3d 312, 324 (S.D.N.Y. 2024) (Stanton, J.) ("'lawfully operating' means compliance with laws under the plain meaning of the statute."). Law of the case

requires adherence to those decisions absent cogent and compelling reasons otherwise, *De Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009), which RZ has not offered.[5]

The evidence establishes that 97% of the e-cigarettes purchased by RZ customers were not FDA approved, *R.56.1* ¶¶ 46, 47; nearly all were of "flavored electronic cigarettes" or "flavored e-liquids" barred by City law; and every RZ City customer purchased these flavored products. *R.56.1* ¶ 48. No customer was "lawfully operating" because they all violated the TCA and Ad. Code § 17-715. *Mem.* 13-15. They were therefore all "consumers."

**B.      RZ's Violations of Federal, State, and Local Law Are Predicate Violations Of the PACT Act**

RZ's non-compliance with "State, local, tribal, and other laws generally applicable to sales of cigarettes" in force in the City, 15 U.S.C. § 376a, is sufficient to grant summary judgment. *See Mem.* 15-16. To avoid liability, RZ argues that (i) Ad. Code. § 17-715 is not "a local law generally applicable to the sales of cigarettes," *Opp.* 21; (ii) PHL § 1399 (1-a) only regulates vapor products, not cigarettes, and is not a "true licensing requirement," *id.* at 22-23; (iii) the TCA is not an "other law" within the meaning of 15 U.S.C. § 376a(a)(3), *id.* at 23-24; and (iv) federal preemption bars the City from asserting a TCA violation as a PACT Act predicate, *id.* at 28. These arguments fail.

**1.    Ad. Code § 17-715 and PHL § 1399-*ll* (1-a) are Laws Generally Applicable to Sales of Cigarettes**

RZ's argument that Ad. Code § 17-715 and PHL § 1399-*ll* (1-a) are not laws "generally applicable to sales of cigarettes," 15 U.S.C. § 376a(a)(3), is foreclosed as law of the case by the Court's prior holding that Ad. Code § 17-715 is a predicate violation for 15 U.S.C. § 376a(a)(3).

---

[5] RZ's citations (*see Opp.* 20) are inapposite. In *DiLaura*, intervening case law supported a change in position; an earlier ruling was *dicta* in a "preliminary and summary" denial of a preliminary injunction. *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 77 (2d Cir. 1992). *Rezzonico* dealt with an issue irrelevant here: whether law of the case bars an appellate court from reviewing a ruling in an interlocutory order. *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999).

*See Enviromd*, 2025 U.S. Dist. LEXIS 133942 at *30. The argument that Ad. Code § 17-715 and PHL § 1399-*ll* (1-a) are not "generally applicable" to cigarette sales because their definition of "cigarette" differs from the PACT Act's definition fails anyway. In 2020, the PACT Act was amended to define "cigarettes" as including e-cigarettes. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116–260, 134 Stat. 1182, 3136 (Dec. 27, 2020). Any state or local law "generally applicable to sales of *cigarettes*," 15 U.S.C. § 376a(a)(3), means any law "generally applicable to sales of *e-cigarettes*." Ad. Code § 17-715 expressly refers to e-cigarettes, to which it is "generally applicable." PHL § 1399-*ll* (1-a) refers to nicotine-containing "vapor products," a synonym for of e-cigarettes and is generally applicable to e-cigarettes.

### 2. The TCA Is an "Other Law"

The PACT Act requires delivery sellers to "comply with *all* State, local, tribal, *and other* laws including laws imposing … legal requirements relating to the sale, distribution, or delivery of cigarettes." 15 U.S.C. § 376a(a)(3). The TCA is not a state, local or tribal law so it must be an "other" law. The purpose of the TCA was to recognize the FDA as the "primary Federal regulatory authority with respect to the manufacture, marketing, and distribution of tobacco products." Family Smoking Prevention and Tobacco Control Act, 111 Pub. Law. 31, 123 Stat. 1776, 1781 (2009). The TCA is thus an "other" law "imposing … legal requirements relating to the sale, distribution, or delivery of cigarettes." 15 U.S.C. § 376a(a)(3)(D).

### 3. RZ's Federal Preemption Argument Is Meritless

RZ incorrectly asserts that the FDA's exclusive power to enforce the TCA "preempts" the City's enforcement of the PACT Act. *Opp*. 28. The City has done nothing to "enforce" the TCA. The City is enforcing the PACT Act's requirement that delivery sellers comply with laws applicable to cigarettes by proving instances of RZ's compliance failures. The analysis here is no different

11

than the City's "enforcement" of federal criminal statutes, 18 U.S.C. § 1961, through a civil RICO action under 18 U.S.C. § 1964(c).

## VII.    RZ'S *MENS REA* ARGUMENT FAILS

RZ argues that the City must prove that RZ knew its products "met NYC's specific definition of 'flavored electronic cigarettes' under Admin. Code § 17-715," or knew its "customers were unregistered under § 1399-*ll*(1-a)." *Opp.* 22, 31, 32. RZ misconstrues the *mens rea* requirements of the general intent statutes at issue here. A general intent statute—one in which no specific intent is named—only requires proof that the defendant "knew the physical nature of what he possessed." *United States v. Baker*, 63 F.3d 1478, 1491, 1493 (9th Cir. 1995) (defendant need not "know[] his conduct violates the law"). Defendants, especially those dealing in regulated products, are charged with knowledge of the law. *United States v. Morrison*, 686 F.3d 94, 107-08 (2d Cir. 2012); *United States v. Elshenawy*, 801 F.2d 856, 859 (6th Cir. 1986) (defendant "knew the physical nature of what he possessed"); *compare with United States v. Nguyen*, 758 F.3d 1024, 1027 (8th Cir. 2014) (reversing conviction for "knowingly trafficking in contraband cigarettes" because defendant did not know the physical nature of the goods she possessed: "knowingly" in a general intent statute "merely requires proof of knowledge of the facts that constitute the offense," not that the law was broken.).

RZ's knowledge that it sold flavored e-cigarettes is sufficient. Knowledge of the specific definition of "flavored electronic cigarettes" that made the sales illegal is not required.

## VIII.    RZ'S MISCELLANEOUS ARGUMENTS DO NOT AFFECT ENTRY OF SUMMARY JUDGMENT

RZ offers a string of throwaway arguments suggesting that (i) FDA's recent enforcement posture bars summary judgment; (ii) e-cigarettes are less toxic than combustible cigarettes; (iii)

nicotine is a legal commodity; and (iv) FDA's approval of some flavored e-cigarettes affects RZ's liability for selling unapproved flavored e-cigarettes. *Opp.* 30–31. These fail.

First, "[t]he failure of the executive branch to enforce a law does not result in its modification or repeal." *District of Columbia v. John R. Thompson Co.*, 346 U.S. 100, 113-14 (1953); *United States v. Morrison*, 686 F.3d 94, 105 (2d Cir. 2012). Any enforcement "shift in the FDA's posture," *Opp.* 30, which FDA attributes to its lack of resources, has no bearing on RZ's liability. *See* U.S. Dep't of Health and Human Services, Food and Drug Administration, *Enforcement Priorities for Certain New Tobacco Products Marketed Without Premarket Authorization*, at 3-4 (May 2026), https://www.fda.gov/media/192403/download. Second, the benefits or harms of e-cigarettes compared to conventional cigarettes is irrelevant, and a debate already resolved by the prohibitions embodied in the statutes RZ has violated. Third, nicotine is legal, but heavily regulated; legality alone is not an invitation to flout those regulations. Finally, FDA approval of four varieties of flavored e-cigarettes not sold by RZ, *R. 56.1* ¶¶ 41–48, does not absolve RZ of its earlier sales of thousands of unapproved varieties.

## IX. <u>PENALTY ARGUMENTS SHOULD BE DECIDED AT A LATER STAGE</u>

The City has moved for summary judgment on liability only and requested a hearing to "determine appropriate civil penalties." *Mem.* 20. RZ does not argue that, if liability is found, a hearing is unwarranted. Instead, RZ argues that any penalty should not violate the Eighth Amendment. *Opp.* 33. The City agrees. The appropriate penalty amount will be addressed when penalties are calculated, not when an award of summary judgment on liability is under consideration.[6]

---

[6] To avoid injunctive relief by claiming the controversy is moot, RZ bears a "heavy" and "formidable" burden to demonstrate that there is "no reasonable expectation that the wrong will be repeated," *United States v. W. T. Grant Co.*, 345 U.S. 629 (1953), and that events have

## **CONCLUSION**

For the above reasons, the City respectfully requests that the Court grant its motion for summary judgment and set a date for a hearing on penalties.

Dated:        New York, New York
              August 6, 2026

**STEVEN BANKS**
Corporation Counsel of the
 City of New York
*Attorney for Plaintiff The City of New York*
100 Church Street, Rm. 3-211
New York, New York 10007
(212) 356-2032

By:    */s/ Eric Proshansky*
       Eric Proshansky
       Aatif Iqbal
       Elizabeth Slater

       Assistant Corporation Counsels

---

"completely and irrevocably eradicated the effects of the alleged violation," C*ounty of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). RZ has not only offered no proof that it has ceased "shipping ENDS into NYC," *Opp.* 33, or no longer making internet sales to City customers, it has not even stated it would not resume doing so. Accordingly, the City's claims for injunctive relief should not be summarily dismissed. If indeed RZ claims it will not resume such sales, then RZ suffers no harm from an injunction securing that promise.

14

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE

As required by Local Civil Rule 7.1(c), I certify that the document contains 4,326 words, excluding the parts of the document that are exempted by Local Civil Rule 7.1(c) ("These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes.").

*/s/ Eric Proshansky*

Eric Proshansky
